Andrew J. Di Paola, J.
The District Attorney of Nassau County has instituted this proceeding to procure a judicial determination of forfeiture of a 1974 Ford truck VINN75FVU12454, license number DH 1737 of the State of North Carolina pursuant to section 477-a of the Tax Law entitled "Seizure and sale of vehicles.”
It is undisputed that Michael Barefoot, the owner of the vehicle, was driving it when he was apprehended in Nassau County at a time when he had aboard 7,950 cartons of unstamped cigarettes. The procedure for institution of these proceedings and the prescribed method for notice thereof have been observed. The application falls within all of the controlling provisions of the statute and the truck is forfeit (see 1973 Opns Atty Gen 153).
However, the First National Bank of Smithfield, in North Carolina, has a security interest presently a lien on the truck in the amount of $3,766.20. It asks to be made a party to this proceeding — relief which is hereby granted although it has not appeared by attorney — and that "if a judgment be entered herein forfeiting title and ownership of the said 1974 Ford truck that * * * [the bank’s] * * * lien be honored”.
That relief is necessarily denied. The statute, subdivision 6 of section 477-a of the Tax Law requires that "[t]he net proceeds of any such sale [of forfeited property], after deduction of the lawful expenses incurred, shall be paid into the general fund of the county wherein the seizure was made”. No provision is made for the protection of liens and that is not unconstitutional vis-á-vis the lienor.
In Calero-Toledo v Pearson Yacht Leasing Co. (416 US 663, 680), the court said: "They [appellants] urge that a long line of prior decisions of this Court establish the principle that statutory forfeiture schemes are not rendered unconstitutional because of their applicability to the property interests of innocents, and further that United States v. United States Coin & Currency, 401 U. S. 715 (1971), did not — contrary to *889 the opinion of the District Court — overrule those prior precedents sub silentio. We agree. The historical background of forfeiture statutes in this country and this Court’s prior decisions sustaining their constitutionality lead to that conclusion.”
In the course of its opinion, the court continued (416 US, at pp 685-686: "In Goldsmith-Grant Co. v. United States, 254 U. S. 505 (1921), it was held that the federal tax-fraud forfeiture statute did not deprive an innocent owner of his property in violation of the Fifth Amendment. There, the claimant was a conditional vendor of a taxicab that had been used in the removal and concealment of distilled spirits upon which the federal tax was unpaid. Although recognizing that arguments against the application of the statute to cover an innocent owner were not without force, the Court rejected them”.
Reference may also be made to that court’s concise statement of the guiding principle in Van Oster v Kansas (272 US 465, 468), where the court said: "It has long been settled that statutory forfeitures of property entrusted by the innocent owner or lienor to another who uses it in violation of the revenue laws of the United States is not a violation of the due process clause of the Fifth Amendment * * * We do not perceive any valid distinction between the application of the Fourteenth Amendment to the exercise of the police power of a state in this particular field and the application of the Fifth Amendment to the similar exercise of the taxing power by the federal government, or any reason for holding that the one is not as plenary as the other.”
The judgment sought is granted.