OPINION OF THE COURT
William J. Sullivan, J.
This matter comes on for determination before me after a hearing pursuant to order of July 1, 1977 (Burstein, J.) in *465 dual proceedings, one commenced by the District Attorney of Nassau County to have it adjudged that a certain 1976 Chevrolet Caprice automobile has been forfeited to the county by reason of its being used to transport gambling records in violation of section 415.00 of the Penal Law; the other an action in replevin commenced by General Motors Acceptance Corporation (GMAC), the holder of a security interest in said automobile under a conditional sales contract to recover it from the custody of the police department.
The balance due on the GMAC account is $1,736.55 on a vehicle estimated to be worth $4,385, thus indicating that the conditional vendee has a substantial equity in the vehicle.
The proof adduced before a County Court Judge in Nassau County on the basis of which a search warrant of the vehicle was granted, showed that it was being used in the parking lot of the Great Neck Plaza Railroad Station to gather bets representing more than 500 policy plays, from whence it was driven to a private residence in Bayside, Queens County, and the policy slips and currency there delivered. This operation was conducted by respondent Lenzie Reese, the conditional vendee and registered owner of the Chevrolet, who is also the possessor of an impressive record for promoting gambling.
Where, as here, a significant portion of the gambling operation took place in Nassau County, I do not regard the fact that the actual execution of the warrant and the resulting seizure of the vehicle took place over the county line in Queens County, as depriving the Nassau County District Attorney of authority to prosecute the forfeiture proceeding.
I also find myself unable to agree fully with the extreme positions taken respectively by both the District Attorney and GMAC. The District Attorney would have GMAC deprived of all interest in the auto despite its duly recorded lien because the statute (Penal Law, § 415.00) contains no specific exemption to preserve it. It is also a fact, however, that the statute does not purport to wipe out the lien; it simply fails to deal with the matter in any way; and certainly the presumption would be against destroying a bona fide lien held by an innocent party.
Looking beyond a strictly legalistic interpretation of the statute, its obvious purpose is to discourage professional gambling by forfeiting the culprit’s interest in an important link in the operation. It is in nowise necessary or logical to impute to the Legislature an intention to destroy contractual rights of *466 an innocent third party who had no knowledge of nor involvement in the illegal enterprise, such as GMAC in this case. Indeed, it is not apparent on what basis the Legislature could constitutionally impair the obligation of the contract with which we are dealing. By the same token, I do not believe that the statutory forfeiture of Reese’s equity in the auto should be avoided by adopting GMAC’s position that it has a statutory exemption as the "legal owner” because its security interest is by way of a conditional bill of sale rather than that of a chattel mortgage, and that the seizure itself was therefore void. Such seems to have been the rationale behind Matter of Dillon v Barefoot (88 Misc 2d 887) which wiped out a bona fide business lien held by a bank and Matter of Dillon v Vance (Supreme Ct, Nassau County, Nov. 9, 1976, Albert, J. [Index No. Dist Ct CR1389]) which denied forfeiture entirely because the lien was in the form of a conditional bill of sale and thus the culprit was not the owner within the meaning of the statute.
In my opinion the purpose of the statute will be best achieved by sustaining the forfeiture to the extent of Reese’s equity in the seized auto. This will require that the District Attorney pay the balance due on the contract to GMAC if he elects to retain said vehicle; or if he elects to sell it, then said sale shall be subject to the GMAC lien. If the net proceeds of said sale are less than the balance due to GMAC, said proceeds shall be paid to it; but if in excess thereof, the balance due GMAC shall be paid to it and the excess paid into the general funds of the County of Nassau pursuant to subdivision 7 of section 415.00 of the Penal Law (cf. Matter of City of Buffalo v Brooks, 3 Misc 2d 492, clarified at pp 875-876, affd 5 AD2d 752).
The application of GMAC to intervene as a party-respondent in the forfeiture proceeding is granted.