OPINION OF THE COURT
Alfred M. Ascione, J.
On February 2, 1984, one Jeffrey Stembokis, apparently an agent or lessee of plaintiff Short Stop Industrial Catering Corp. (Short Stop), was served with an Environmental Control Board (ECB) notice of violation for allegedly selling food and coffee from a vehicle on a public space at West Broadway and Vesey Street, Manhattan, without the benefit of a food vendor’s license (Administrative Code of City of New York § D22-2.0 [a]).
It also appears that Stembokis did not have a permit for a food catering vehicle (Administrative Code § D22-2.0 [b]). The police officer who served the notice of violation then, in accordance with the provisions of Administrative Code § D22-16.0 (c), seized the goods and vehicle.
Following a demand for the return of the seized property by plaintiff, the City of New York on February 3,1984, commenced an action against plaintiff and Stembokis seeking the forfeiture of the goods and vehicle seized pursuant to Administrative Code § D22-17.0. Plaintiff and Stembokis served a notice of appearance dated February 15, 1984.
The property seized included a 1981 Chevrolet van, with electronic equipment, and a supply of food and cigarettes, claimed by plaintiff to be worth in excess of $10,000. It is undisputed that the vehicle was there and then being used as a *364 food catering vehicle and that the food and cigarettes were being offered for sale by the vendor.
Indeed, after a hearing held on March 1, 1984 by ECB, on a plea of not guilty, at which hearing Stembokis was represented by counsel, the administrative law judge found Stembokis guilty of vending food without a license and he was fined $150.
Plaintiff, which is engaged in the food vending business in Suffolk County with appropriate licenses, claims that in December 1983 it applied to the City Department of Health for a food vendor’s license but was advised that there was a “freeze” on such licenses and that plaintiff should put its name on a waiting list, which plaintiff says is of considerable length. It thus appears that plaintiff determined to operate without the required license and permit.
This is a motion by plaintiff for an order preliminarily enjoining defendant from seeking the forfeiture of plaintiff’s property and for a further order directing defendant to grant plaintiff a food vendor’s license.
In its complaint herein, plaintiff seeks a judgment declaring Local Laws, 1983, No. 17 of City of New York, which placed a “cap” of 5,500 on the number of full-term food vending licenses and a “cap” of 3,000 on the number of full-term food vending vehicle permits issued by the city, as unconstitutional.
It is asserted that Local Laws, 1983, No. 17 of City of New York, which is now embodied, in part, in Administrative Code § D22-2.0 (a) (2), is in contravention and violation of the due process and general protection clauses of the United States and New York State Constitutions, and is unconstitutionally over-broad in its sweep. It is also claimed that the statute represents no more than a guise to protect the special interests of local shopkeepers.
Plaintiff’s complaint also seeks the return of its property and an order directing that the city grant plaintiff a food vendor’s license. A brief analysis of the statutory scheme and the relevant Administrative Code provisions found in title D of chapter 22, entitled “Food Vendors” is appropriate. These provisions regulating the street food vending business were adopted by New York City’s legislative body, the City Council, pursuant to the authority granted in the New York State Municipal Home Rule Law § 10 (1) (ii) (a) (6), (12).
The Code makes it unlawful to act as a food vendor without having first obtained a license therefor from the Commissioner of the Department of Health (Administrative Code § D22-2.0 [a] [1]) and it is unlawful to vend food from any vehicle in a public *365 place without having first obtained a permit for such vehicle from the Commissioner (Administrative Code § D22-2.0 [b] [1]). Each food vendor shall carry his license upon his person (Administrative Code § D22-6.0 [a]) and the permit plate shall be firmly affixed to the vending vehicle (Administrative Code § D22-6.0 [c]).
The statute also provides that a police officer may seize any vehicle which does not have a permit or which is being used by an unlicensed food vendor and may seize any food sold or offered for sale from such vehicle, which vehicle and food shall be subject to forfeiture as provided in Administrative Code §§ D2217.0, D22-16.0 (c).
As relevant, Administrative Code § D22-17.0, entitled “Forfeitures” provides:
“a. In addition to any penalties [fines] imposed pursuant to subdivision a of section D22-20.0 upon any person found guilty of violating subdivisions a, b or c of section D22-2.0, all property seized pursuant to this title shall be subject to forfeiture upon notice and judicial determination. Notice of the institution of the forfeiture proceeding shall be in accordance with the provisions of the civil practice law and rules.
“b. The police department having custody of the seized property, after judicial determination of forfeiture shall, upon a public notice of at least five days, sell such forfeited property at public sale. The net proceeds of such sale [after deduction of the lawful expenses incurred] shall be. paid into the general fund of the city [of New York]”.
Plaintiff does not dispute the city’s right to regulate useful legitimate businesses, including the street food vending business, in the interest of protecting the safety and welfare of the community. It is urged, however, that the statutory scheme present here, including the “cap” on licenses and permits, is oppressive and unconstitutional and that the forfeiture of plaintiff’s property would constitute an excessive penalty and unlawful taking without due process of law.
Local Laws, 1983, No. 17 of City of New York was passed by the City Council on April 26, 1983, approved by the Mayor on May 5,1983 and made effective immediately, except for certain provisions which took effect on February 1,1984, all prior to the relevant times involved in this matter. The declaration of legislative findings set forth in Local Laws, 1983, No. 17 of City of New York § 1, as relevant, states: “The council finds that the presence of food vendors in certain parts of the city has caused serious congestion on the streets and sidewalks, preventing the *366 regular flow of pedestrian and vehicular traffic, forcing pedestrians off the sidewalk, and thereby creating the increased potential for automobile and other vehicular accidents and posing an extremely serious threat to the health, safety and well being of residents of, and visitors to, the city * * * The council further finds that a limit on the total number of food vendor permits and licenses should be established because the business of food vending is directly related to the problems of congestion on streets and sidewalks and because an increase in the number of food vendors would worsen those conditions.”
Local Laws, 1983, No. 17 of City of New York § 15 (m) (Administrative Code § D22-12.0 [m]) prohibits food vendors from vending on certain midtown Manhattan streets and avenues on specified days and times. The public space where Stembokis was vending is not in such prohibited area.
It is beyond challenge that the city is empowered by the New York State Constitution, the Municipal Home Rule Law and the New York City Charter to regulate the use of its streets, as well as businesses within its boundaries. Unless no reasonable or rational basis for the legislative enactment can be found, this court should not interfere with a proper exercise of the city’s police power to regulate the use of its streets or businesses in the public interest. Manifestly, Local Laws, 1983, No. 17 of City of New York meets the test of rationality in light of the legislative findings, to which any reasonable person would subscribe.
However, the distinction between a food vendor and a vehicle used to vend food is critical. The city concedes that the street congestion problem was and is due not so much to the number of licensed persons vending food but rather the ever increasing number of vehicles issued permits for that purpose. Accordingly, by an order of this court (Schwartz, J.) dated December 6, 1983, granted on the city’s consent, the cap on the number of food vendor licenses was declared void (New York Coffee & Co. v City of New York, Sup Ct, NY County, index No. 28368/83).
Thus, so much of plaintiff’s request for relief with respect to the cap on food vendor’s licenses is denied as moot. The cap of 3,000 on the number of full-term permits for vehicles is found to have a rational basis and not to be oppressive, and the constitutionality of Administrative Code § D22-2.0 (b) (3) is sustained.
The statute authorizes the seizure of food sold by unlicensed vendors and the seizure of vehicles for which there is no permit. Only a licensed food vendor may be issued a vehicle permit (Administrative Code § D22-4.0 [c]). Under the enforcement powers granted in Administrative Code § D22-16.0, subdivision *367 (c) provides that: “[s]uch [seized] vehicle * * * or food shall be subject to forfeiture as provided in section D22-17.0.”
After seizing the vehicle and food, the city promptly served plaintiff with a summons with notice in an action to forfeit the seized property “for violation of Administrative Code §§ D22-2.0 (a) and (b) * * * under the authority of Administrative Code §§ D22-16.0 (c) and D22-17.0.” Plaintiff has appeared in the forfeiture action, which has been stayed by this court during the pendency of this motion.
Clearly, without seizure and forfeiture, the city does not have effective enforcement powers. For example, according to the city’s attorney, from July 1982 to April 1983, some 1,981 summonses were issued for the violation of unlicensed food vending; of those, 1,637 resulted in default. Thus 83% of those charged with vending food without a license simply ignored the summonses they received and continued to operate illegally.
Significantly, the city then had the authority to seize and seek forfeiture (Local Laws, 1977, No. 77 of City of New York), but instead sought to enforce its licensing requirements by the imposition of fines only. With ever increasing numbers of food vendors and food vending vehicles, both legal and illegal, clogging its streets, it has become necessary for the city to take sterner enforcement measures in the public interest, including the alternative imposition of criminal penalties not involved here (Administrative Code § D22-2.0 [a]) as well as seizure and forfeiture proceedings.
Property which may lawfully be possessed is not subject to forfeiture in the absence of statute; however, since certain illegal activities are facilitated by the use of some types of property the possession of which is not in itself unlawful, the Legislature may provide for the forfeiture of such property when used in connection with the prohibited activities (44 NY Jur, Penalties & Forfeitures, § 31, at 226).
The Legislature cannot arbitrarily declare a forfeiture, nor can a forfeiture be accomplished by mere legislation alone; the forfeiture itself must be judicially established by a trial by the ordinary modes of judicial proceeding (44 NY Jur, Penalties & Forfeitures, § 32, at 229), after appropriate notice to the owner (Metallic Flowers v City of New York, 5 NY2d 246; cf. Stengel v Smith, 18 AD2d 458).
Though the notice of violation served on Stembokis was returnable at the ECB office several weeks later, an immediate walk-in hearing was permitted at any time in advance of the return date. Plaintiff, who, as the owner of the vehicle, was *368 named as a corespondent in the notice of violation, took advantage of this arrangement and appeared on February 22, 1984, requesting a hearing. Since the police officer was not present, the matter was adjourned to March 1, 1984 for a hearing, at which time Stembokis was found guilty.
These procedures, and the prompt service of process initiating the forfeiture action, satisfy the notice and due process requirements. (See, City of New York v Calabrese, NYLJ, Dec. 5,1983, p 13, col 4 [Sup Ct, NY County, White, J.].)
In the event plaintiff had successfully defended the notice of violation, its property would have been promptly returned without any fees. Further, it is the city’s policy to return property in cases where an ECB determination is not made within 30 days.
Under these circumstances, plaintiff’s motion for a preliminary injunction is denied in all respects and the stay of the forfeiture action is vacated.