OPINION OF THE COURT
David B. Saxe, J.
On the afternoon of April 21, 1986, Steven Schmidtke was engaged in the sale of pots, pans and cutlery from a truck located at a corner of West 33rd Street and Fifth Avenue in Manhattan.
After determining that Mr. Schmidtke did not have a general vendor’s license, required for this sort of activity by *173 the New York City Department of Consumer Affairs (see generally, Administrative Code of City of New York § B32491.0), a police officer affiliated with the Peddler Task Force issued Mr. Schmidtke a notice of violation for unlicensed vending activities. Additionally, the officer seized and vouchered the truck, a 1984 Chevrolet van and the merchandise in the truck.
It is the seizure of the truck pursuant to Administrative Code § D22-16.0 (c) that is at issue here. The movants — corporate owners of the vehicle in question — contest the seizure and the resulting forfeiture of the van. It is their contention that the vehicle was leased, not by one of the defendants, but rather by a Lilli Siegel, apparently a relative of defendant David Siegel. There was no indication on the rental agreement that either Lilli Siegel, a nondriver, nor Pedro Molnia, listed as an additional customer, would be using the vehicle for business purposes or in contravention of the Administrative Code.
The corporate owner of the vehicle has moved to dismiss this proceeding. The city has cross-moved for a default judgment in this action and for summary judgment.
In the first place, it should be noted that ASF, the corporate movant, lacks standing to bring this motion to dismiss. However, since ASF has furnished evidence that it owns the vehicle in question, I shall treat its application as one to intervene and add them as party defendant to this action.
In the second place, the claimed forfeiture here is not being effected pursuant to CPLR 1311 but instead, pursuant to the Administrative Code of the City of New York.
The principal thrust of ASF’s contention is that since they had no knowledge of the use to which its vehicle would be put, it would be an unfair application of this law to effect a forfeiture.
The city, disputing this contention, claims that the forfeiture of property of an owner who is himself innocent of personal wrongdoing but who has permitted use of the property by a person who commits an illegal act involving the property is permissible under the applicable forfeiture statute.
In Short Stop Indus. Catering Corp. v City of New York (127 Misc 2d 363 [Sup Ct, NY County 1985]), the owner of the vehicle, a Suffolk County corporation, entrusted the truck to a vendor, one Jeffrey Stenbokis, who subsequently drove the vehicle to lower Manhattan and proceeded to vend from that *174 location. He was then cited for unlicensed vending by a police officer and the vehicle and food which he had been vending were seized. At a hearing before the Environmental Control Board, it was held that unlicensed vending had occurred triggering the applicable forfeiture provisions. In the forfeiture proceeding that followed, the corporate owner argued that it was without knowledge that the vendor would engage in unlicensed vending in New York City and accordingly it was entitled to the return of the truck. The court found this position to be without merit saying in part (p 367): "Property which may lawfully be possessed is not subject to forfeiture in the absence of statute; however, since certain illegal activities are facilitated by the use of some types of property the possession of which is not in itself unlawful, the Legislature may provide for the forfeiture of such property when used in connection with the prohibited activities”.
This rule — that a property owner’s innocence was not traditionally considered a defense to seizure — finds much support in the older cases (see, e.g., General Motors Corp. v United States, 286 US 49, 57-58 [1932]; Goldsmith-Grant Co. v United States, 254 US 505, 510-511 [1921]).
Indeed, in Calero-Toledo v Pearson Yacht Leasing Co. (416 US 663 [1974]) the court reflected on the long history in case law of attributing complicity to property used in violation of law regardless of the innocence of the owner. The case law teaches that the forfeited thing itself is the offender and civil in rem forfeitures are independent of any criminal proceeding and, as such, the government does not need to convict or even charge the owner with a crime related to the seized property. The property is proceeded against and, by resort to a legal fiction held guilty as though it were a person. (See, e.g., Strafer, Civil Forfeitures: Protecting the Innocent Owner, 37 U of Fla L Rev 841 [1985].) The court in Pearson Yacht noted (at pp 686-688): "Plainly, the Puerto Rican forfeiture statutes further the punitive and deterrent purposes that have been found sufficient to uphold, against constitutional challenge, the application of other forfeiture statutes to the property of innocents. Forfeiture of conveyances that have been used— and may be used again — in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes, both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable. See, e.g., H.R. Rep. No. 1054, 76th Cong., 1st Sess. (1939); S. Rep. No. 926, 76th Cong., 1st *175 Sess. (1939); H.R. Rep. No. 2751, 81st Cong., 2d Sess. (1950); S. Rep. No. 1755, 81st Cong., 2d Sess. (1950). To the extent that such forfeiture provisions are applied to lessors, bailors, or secured creditors who are innocent of any wrongdoing, confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property. Cf. United States v. One Ford Coach, 307 U.S. 219, 238-241 (1939) (Douglas, J., dissenting).”
Nevertheless, the court in Pearson Yacht suggested in dicta that forfeiture of the property might not be warranted against an owner that did all it reasonably could to avoid having the property put to an illegal use (416 US, at p 691). The court said that the leasing of the boat, without more, was sufficient to warrant forfeiture and the fact that the lessee and not the owner committed the illegal acts in itself was insufficient to show that an owner did all it reasonably could to avoid use of the property in an illegal manner. (416 US 686, 690, supra.)
A growing number of Federal courts have adopted the Pearson Yacht dicta. (United States v One Tintoretto Painting, 691 F2d 603, 607-608 [2d Cir 1982]; United States v One 1972 Chevrolet Blazer, 563 F2d 1386 [9th Cir 1977]; United States v One 1976 Lincoln Mark IV, 462 F Supp 1383 [WD Pa 1979].)
Yet here, it cannot be seriously argued by the city that the forfeiture proposed will have any deterrent effect with respect to violations of the general vendor licensing provisions of the Administrative Code. It is also true that it is virtually impossible for companies engaged in the rental of vans and trucks to avoid dealing with those predisposed to general vending without a license. This is not a situation involving an attempt by a pushcart owner to replace its vehicle where knowledge of predisposition to violate the general vending laws may fairly be imputed.
It appears that the intervenors may have done all that it reasonably could to avoid having its property put to an unlawful use. Unlike the situation in Short Stop Indus. Catering Corp. v City of New York (supra) where the corporate owner had knowledge that the specially equipped vehicle would be used for the sale of food, here, ASF appears to have had no knowledge regarding the unlawful use of the vehicle. And, its lease was with two lessees who were not using the vehicle at the time of the infraction.
Therefore, I shall hold a hearing on the issue of whether the owner did all that it reasonably could to avoid having its *176 property put to an unlawful purpose. The owner shall have the burden of proceeding on this issue. Although this standard is not set out in the Administrative Code, I hold that since it has been recognized by the Supreme Court of the United States in Pearson Yacht (supra) as a tempering influence (see generally, Hecht Co. v Bowles, 321 US 321, 329-330), on the penalty of forfeiture, it should be viewed here as a judicially engrafted standard that will serve to enrich the fair application of the Administrative Code’s forfeiture sections that are under scrutiny in this matter. The hearing shall be held in IAS Part 21 on January 18, 1986 at 10:00 a.m.