OPINION OF THE COURT
David B. Saxe, J.
Legal issues raised in connection with civil forfeiture proceedings have recently occupied the attention of this court (see, e.g., City of New York v Siegel, 134 Misc 2d 172).
In this action, the plaintiff, a secured party having a perfected security interest in two large dump trucks, seeks a preliminary injunction against the City of New York (City) directing the City to return the trucks seized in connection with a claim of forfeiture.
The basic facts are these: The City’s agents seized the two trucks, which had been sold to Major Taylor Trucking Co., *632 Inc. under a conditional sale contract and note, and impounded them for alleged violations of the Administrative Code of the City of New York § 16-119, which prohibits "[d]umping” on City streets. As indicated, the secured party had properly perfected its UCC security interests in the vehicles and had filed with the New York State Department of Motor Vehicles a form noting the lien interest on the registration title certificate for the two trucks. The plaintiffs were apparently never notified of the forfeiture proceedings.
It is the plaintiff’s position that it has an "absolute and inviolate right” to access to the trucks and to take possession of them upon default in payment (UCC 9-503). This right, it is claimed, is superior to the City’s claim of possession under the forfeiture regulation. From this point, it is argued that the forfeiture section under the antidumping provision of the Administrative Code was never intended to foreclose the title of the secured lienholder who has an absolute right to possession upon default.
The disposition of this application revolves around the requirement for preliminary injunctive relief that the movant demonstrate a likelihood of success on the merits.
The City says, in effect, that there is not only no likelihood of success on the merits, but that the legal premise of plaintiff’s application is legally unsupportable and, accordingly, they have cross-moved to dismiss the action.
The City’s position is, I believe, the correct one. First, the plaintiff’s ownership interests in the trucks will not be forfeited unless they permitted the trucks to be used for illegal dumping. The ownership interest that is subject to forfeiture is the ownership interest of Major Taylor, the party that was found liable for illegal dumping.
It is clear that in an in rem proceeding such as a forfeiture action, custody of the res is jurisdictionally necessary. (CaleroToledo v Pearson Yacht Leasing Co., 416 US 663, 679 [1974].) Also, the Administrative Code provisions at issue exclude as an owner persons who have a security interest but not possession of the vehicle (i.e., Vehicle and Traffic Law § 388 [3]). This means, of course, that the innocent secured party’s interest cannot be forfeited.
That being said, it does not follow that the secured party has a right to an immediate return of the collateral based upon its preferred lienholder status. It must be remembered that the antidumping law (Administrative Code § 16-119 [e]) was enacted to address the public health and safety emer *633 gency created by the illegal dumping of refuse, construction debris and other wastes, including hazardous wastes. The City is explicitly authorized by State law "[t]o regulate * * * any matter within the powers of the city, and to provide penalties, forfeitures and imprisonment to punish violators thereof’ (General City Law § 20 [22]). Allowing the lienholder to obtain immediate possession of this collateral would be an unreasonable interpretation of the rights of a secured party when measured against the public interest. (McKinney’s Cons Laws of NY, Book 1, Statutes § 152.) I will not construe the redemption provisions of the UCC in that way.
The available case law construing the provisions of analogous forfeiture statutes demonstrates that secured creditors’ rights in property seized for forfeiture does not entitle them to immediate return of the property. Rather, the courts have held that innocent secured creditors may satisfy their debts from proceeds of the property, but only after the courts have adjudicated the forfeiture against the guilty party. (See, Matter of Dillon v Reese, 93 Misc 2d 464.)
Permitting the secured party to defeat the forfeiture would perhaps enable Major Taylor the right to cure its default and recover possession of the property pursuant to rights secured under UCC 9-506. Forfeiture enables the public interest to be served by preventing the return of the impounded vehicle to the guilty party. Releasing the vehicles to the plaintiff would have the effect of preventing the forfeiture action from proceeding since the court would lose jurisdiction over the res. Additionally, preforfeiture release might interfere with the City’s right to any surplus in value in excess of the secured debt (Administrative Code § 16-119 [e]).
Not only have the movants failed to make out a case of preliminary injunctive relief, the underlying claim as expressed in the complaint is without legal foundation. That is because the forfeiture statute that they seek to avoid entirely has a mechanism for their rights to be asserted. The forfeiture proceeding is the appropriate forum for those rights to be noted and protected. In that way, the right of the public to a clear and healthy environment will be protected and the contract rights of the secured party will be acknowledged and protected perhaps after suffering a bit of delay. But, that is the effect of balancing the competing interests involved here.
The application by way of order to show cause is denied; the cross motion seeking dismissal of the complaint is granted.