■ CITY OF NEW YORK, Respondent, v BERNARD SALAMON, Respondent, and FORD MOTOR CREDIT COMPANY, Appellant.— Judgment, Supreme Court, New York County (Edward H.

Lehner, J.), entered on or about March 13, 1989, which, *inter alia,* granted the city's motion for a default judgment as against defendant Bernard Salamon for forfeiture of certain property, including a 1986 Ford van, pursuant to Administrative Code of the City of New York §§ 20-468 and 20-469, for vending without a proper license, denied the city's motion for forfeiture of the lien on the seized van held by defendant Ford Motor Credit Company, and which denied defendant Ford's cross motion for immediate possession of the seized van, while directing an auction of the van subject to the lien held by defendant Ford, unanimously affirmed, without costs.

Defendant Ford, as a lienholder on a seized Ford van, lacked standing to challenge the constitutionality of the notice provisions of the forfeiture statutes. (Administrative Code of City of New York §§ 20-468, 20-469.) Furthermore, Ford failed to demonstrate that it had suffered any personal injury as a result of the city's failure to provide notice. Moreover, given the favorable resolution of the underlying proceeding in defendant's Ford's favor, there was no need for the IAS court to address the alleged constitutional infirmity. *(Golden v Zwickler,* 394 US 103, 108; *Crowell v Benson,* 285 US 22; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 529.)

Moreover, although defendant Ford, having done all it reasonably could to prevent the illegal use by defendant Bernard Salamon of the vehicle in question for unlicensed vending, was innocent of wrongdoing, that did not entitle defendant Ford to immediate possession of the vehicle, but rather merely entitled it to satisfy its lien from the proceeds of the property after the forefeiture had been adjudicated against the guilty party. *(Calero-Toledo v Pearson Yacht Leasing Co.,* 416 US 663; *Santora Equip. Corp. v City of New York,* 138 Misc 2d 631; *Matter of Dillon v Reese,* 93 Misc 2d 464.)

Thus, based upon the foregoing, the IAS court did not abuse its discretion in determining that the city was entitled to proceed with an auction of the seized van under the forfeiture statute, with the sale subject to the lien held by defendant Ford. Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.