Requestor: Eric J. Dickson, Esq., Town Attorney Town of Niskayuna 1335 Balltown Road Niskayuna, New York 12309
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to whether an underground lawn sprinkling system which lies within a town road constitutes an obstruction under section 319 of the Highway Law.
You have informed us that in the Town of Niskayuna, the town owns in fee the land over which the town highways run. In many instances, the parcel owned by the town is somewhat wider than the actual roadbed. In some cases, the property line runs through the front lawns of adjacent property owners. See, Matter of Usher v Mobbs, 129 Misc.2d 529 (Sup Ct Tompkins Co 1985); cf. Desmond v Town of Summit, 82 Misc.2d 669 (Co Ct Schoharie Co 1975).
Section 319 of the Highway Law requires that all obstructions be removed from the bounds of a town highway. Section 319 defines the term "obstruction" by means of a list of various objects, e.g., limbs of trees which fall within the highway; machines, vehicles and implements abandoned or habitually placed within the highway; and fences, buildings or other structures erected within the bounds of the highway. Highway Law § 319(1).
Although the list of obstructions in section 319 is not meant to be all-inclusive,[1] we do not believe that an underground sprinkler system, no part of which protrudes above ground and which does not in fact interfere with highway operations, constitutes an obstruction within the meaning of section 319.
Objects described as obstructions in section 319 either directly interfere with travel over the highway or pose a hazard to vehicles travelling in the highway. Assuming that the underground sprinklers described in your letter do neither, we conclude that they are not obstructions within the meaning of section 319.
You have also asked whether the town can enact a local law which prohibits or restricts the placement of sprinkler systems within the town land surrounding the highway, notwithstanding the fact that the sprinkler does not constitute an obstruction under section 319.
Inasmuch as the town owns the subject property in fee, there is no necessity for a local law prohibiting the placement of sprinklers on town property. As the owner in fee of the land in question, the town has authority to exercise full control over the property and to exclude any trespassers or encroachments. Town Law § 64(2); Real Property Law § 10.
Finally, we address the question raised in your telephone conversation with this office: whether the town may permit property owners whose lawns extend into the town-owned property to install underground sprinklers on the town's land.
Under the Municipal Home Rule Law, a municipality is authorized to enact local laws pertaining to "[t]he protection and enhancement of its physical and visual environment", and "[t]he government, protection, order, conduct, safety, health and well-being of persons or property therein". Municipal Home Rule Law § 10(1)(ii)(a)(12); see, N Y Const, Art IX, § 2(c). In our view, a local law authorizing the town to issue permits to allow homeowners to extend their underground sprinklers onto town land would fall within this grant of authority. Alternatively, the local law could allow resident use of this land without permits, but consistent with standards established by the local law. Courts have regularly upheld a municipality's use of its police power in order to promote the general welfare. In Short Stop IndustrialCatering Corp. v City of New York, 127 Misc.2d 363 (Sup Ct N Y Co 1985), the court found:
 "Unless no reasonable or rational basis for the legislative enactment can be found, this court should not interfere with a proper exercise of the city's police power to regulate the use of its streets or businesses in the public interest." Short Stop, 127 Misc.2d at 366; see, also, People v Finch, 88 Misc 2d 581 (Village Ct Monticello 1976).
In the immediate case, allowing the expansion of underground sprinklers onto town-owned property promotes the public interest by facilitating the upkeep of lawns, shrubbery and other suburban flora. By promoting the "enhancement of [the] physical and visual environment", the local law serves a valid public purpose.
Furthermore, by allowing the use of its property by means of a renewable permit or through enforced regulations, the town retains ultimate control over the property and can define the permitted use.
We conclude that underground sprinkler systems may be allowed within the boundaries of town property.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] Section 319 begins: "Obstructions, within the meaning of this section, shall include . . .".