*938 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Ford Motor Credit Company was the lienholder on a vehicle used in a drug purchase by the debtor Molomo. As an instrumentality of crime, the car was subjected to forfeiture under section 14-140 of the Administrative Code of the City of New York. In these combined forfeiture and replevin actions, Ford’s principal contention is that the City’s forfeiture procedure is constitutionally infirm because it does not require notice to a lienholder, nor does it grant "wholly innocent” lienholders a right to possession of the seized vehicle.
Neither contention has merit. Ford received actual notice of the City’s seizure of the vehicle and has fully participated in legal proceedings pertaining to the vehicle’s disposition (cf, Butler v Castro, 896 F2d 698). Moreover, it is settled law that a claim of innocence will not defeat forfeiture (Calero-Toledo v Pearson Yacht Leasing Co., 416 US 663, 683; United States v One 1957 Rockwell Aero Commander 680 Aircraft, 671 F2d 414, 417; United States v One 1969 Plymouth Fury Auto., 476 F2d 960; City of New York v Salomon, 161 AD2d 470; Santora Equip. Corp. v City of New York, 138 Misc 2d 631). In any event, Ford had no present possessory right in the vehicle, and its remedy, as the Appellate Division held (179 AD2d 210), is to receive the proceeds from the City’s forfeiture sale and to seek any deficiency against the debtor. By doing so, Ford will fully protect its interest in the property and incur no loss.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
Order affirmed, with costs, in a memorandum.