■ ANDREW M. CUOMO, as Attorney General of the State of New York, et al., Respondents, v DARSHAN UPPAL, Also Known as LAL, et al., Defendants. CAPITAL BUSINESS CREDIT LLC, Nonparty Appellant. [892 NYS2d 49]—

Contrary to plaintiffs' claim, Capital does not have to await the conclusion of this forfeiture action to request the release of funds; paragraph 7 of the parties' stipulation reserved Capital's right to make motions.

Also contrary to plaintiffs' contention, Capital is not limited to the remedy of receiving proceeds from a forfeiture sale; unlike the situation in *Property Clerk of N.Y. City Police Dept. v Molomo* (81 NY2d 936 [1993]) and *City of New York v Salamon* (161 AD2d 470 [1990]), the property in which Capital has a perfected security interest is not the instrumentality of a crime. Indeed, Capital has shown that at least $195,056.41 of the escrowed funds ($223,107 minus $28,050.59) are not subject to forfeiture (*see* CPLR 1311 [1]) because they are neither proceeds of a crime (*see* CPLR 1310 [2]) nor substituted proceeds (*see* CPLR 1310 [3]); rather, they came from the $300,000 that Capital wired into the bank account of noncriminal defendant Shivalik Enterprises, Inc. on January 10, 2008.

Nevertheless, it was not an improvident exercise of the court's discretion to deny Capital's motion. There was conflicting evidence as to whether Shivalik was out of business, i.e., whether

Capital's loan to Shivalik could be repaid from some source other than the escrowed funds. Furthermore, Capital has not shown any compelling circumstance requiring the immediate release of $210,654.98 (*cf.* CPLR 1311 [4] [d]); it does not claim, for example, that it will go out of business if it does not receive that sum right away. The escrowed funds are in an interest-bearing account; therefore, if Capital eventually receives those funds, it will be compensated for the delay.

Since Capital has adequate legal remedies, it is not necessary to impose a constructive trust on the escrowed funds (*see e.g. Bertoni v Catucci*, 117 AD2d 892, 895 [1986]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.