Chana Uncyk, Appellant, v Cedarhurst Property Management, LLC, Defendant, and Spruce Street Associates, LLC, et al., Respondents. [29 NYS3d 263]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 9, 2015, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleges that she tripped and fell on a broken sidewalk and curb in front of a strip mall owned by the Baumstein defendants and subleased to defendant Spruce Street Associates, LLC (SSA). Defendants made a prima showing of their entitlement to summary judgment, by submitting deposition testimony and an affidavit from SSA's managing member stating that SSA never did any work on the sidewalk where plaintiff fell, that he never received complaints about the sidewalk or curb prior to plaintiff's accident, and that he never observed the alleged hazardous curb and sidewalk condition while making his regular, twice-weekly inspections of the strip mall (*see generally Vaughn v Harlem Riv. Yard Ventures II, Inc.*, 118 AD3d 604, 605 [1st Dept 2014]).

In opposition, plaintiff raised triable issues of fact. Plaintiff testified that she fell when her left foot stepped into a hole-like depression in the curb/sidewalk, and she marked photographs to show where she fell. Plaintiff also submitted her daughter's

affidavit, wherein she averred that after receiving a call about her mother's fall, she responded quickly to the scene of the accident and found her mother on the sidewalk. According to the daughter, her mother pointed to a broken and cracked curb/sidewalk condition and stated that the defective condition caused her to fall. This hearsay statement may be relied upon to defeat summary judgment where, as here, it is not the only evidence submitted in opposition to the motion (*see e.g. Pena v Penny Lane Realty Inc.*, 129 AD3d 441, 442 [1st Dept 2015]). The daughter added that the photographs taken of the sidewalk/curb seven months after the accident, and the area of the photographs her mother marked, accurately depicted the broken condition of the curb/sidewalk as it appeared on the date of the accident. The photographs show a broken curb/sidewalk. Taken together, the evidence raises triable issues of fact whether the broken sidewalk/curb caused plaintiff's fall, and whether the defective condition existed for a sufficient period of time prior to the accident for defendants to have discovered and remedied it (*see Hecker v New York City Hous. Auth.*, 245 AD2d 131 [1st Dept 1997]). Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.