■ AQ Asset Management LLC et al., Respondents, v Michael Levine, in his Capacity as Escrow Agent, Respondent-Appellant, and Habsburg Holdings Ltd. et al., Appellants-Respondents. (And Another Action.) [62 NYS3d 321]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 18, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment dismissing defendants Habsburg Holdings Ltd. and Osvaldo Patrizzi's counterclaims for recovery of inventory sale proceeds, for breach of Patrizzi's consulting agreement, for accountings as against them, and for aiding and abetting breach of fiduciary duty related to plaintiff Zimmermann and defendant Michael Levine's interpretation of a contract, and denied Levine's motion for summary judgment dismissing Habsburg and Patrizzi's cross claims based on fraud and breach of fiduciary duty in connection with Levine's drafting of an agreement between Patrizzi and Zimmermann, unanimously modified, on the law, to deny plaintiffs' motion as to the inventory sale proceeds counterclaims based on fraud

and fiduciary duty, the counterclaim for breach of the consulting agreement, and the counterclaim for an accounting of inventory sale proceeds as against plaintiff Antiquorum S.A., and to grant Levine's motion for summary judgment dismissing Habsburg and Patrizzi's cross claims based on fraud and breach of fiduciary duty in connection with Levine's drafting of an agreement between Patrizzi and Zimmermann, and otherwise affirmed, without costs.

Although the inventory lists submitted by Habsburg and Patrizzi are hearsay evidence, they may be considered in opposition to plaintiffs' motion, because they are not the only evidence submitted in opposition (*see Uncyk v Cedarhurst Prop. Mgt., LLC*, 137 AD3d 610, 611 [1st Dept 2016]). Issues of fact as to the handling of the Antiquorum S.A. inventory by Patrizzi or others after his departure and whether plaintiffs engaged in a scheme to oust Patrizzi from the company preclude summary dismissal of the inventory sale proceeds claims based on fraud and breach of fiduciary duty. However, we affirm the dismissal of the counterclaim for the equitable remedy of a constructive trust, because there is no evidence of unjust enrichment, and Habsburg and Patrizzi have an adequate remedy at law, as shown by the relief they seek, i.e., damages resulting from the deprivation of inventory sale proceeds (*see Cuomo v Uppal*, 68 AD3d 569, 570 [1st Dept 2009]). We affirm the dismissal of the constructive fraud claim, because Habsburg and Patrizzi cannot show the existence of a fiduciary or confidential relationship that would warrant their reposing confidence in Levine at the time of the return of the $2 Million Transfer in 2010 to Antiquorum S.A. and Zimmermann (*see AQ Asset Mgt., LLC v Levine*, 119 AD3d 457, 463 [1st Dept 2014]).

The accounting counterclaim against Zimmermann as transfer escrow agent was correctly dismissed based on the motion court's prior finding that Zimmermann had already fully documented his activities in that capacity. The accounting counterclaim against Zimmermann as to sums in the escrow account related to the stock purchase agreement and Antiquorum S.A. was correctly dismissed based on the court's finding that the claim related to Zimmermann's fee from Artist House Holdings Inc., plaintiff AQ Asset Management LLC's predecessor, had previously been dismissed as speculative. The accounting counterclaim against Antiquorum USA, Inc. was correctly dismissed, because that entity owns no inventory. However, we reinstate the accounting counterclaim against Antiquorum S.A., because it has been narrowed to address Antiquorum S.A.'s inventory sale proceeds only.

Dismissal of the counterclaim for breach of Patrizzi's consulting agreement is precluded by issues of fact as to Patrizzi's departure from the company that leave unresolved whether Zimmermann's alleged actions constituted a repudiation or an anticipatory breach of the agreement (*see Duke Media Sales v Jakel Corp.*, 215 AD2d 237 [1st Dept 1995]).

The cross claims alleging fraud and breach of fiduciary duty based on Levine's drafting of the stock/sales proceeds distribution agreement should have been dismissed based on the evidence in the record establishing that Patrizzi voluntarily signed the agreement after being given an opportunity to review its terms.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.