111 W. 57th Inv. LLC v 111 W57th Prop. Owner LLC (2020 NY Slip Op 06943)





111 W. 57th Inv. LLC v 111 W57th Prop. Owner LLC


2020 NY Slip Op 06943


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 653067/19 Appeal No. 12489-12490N Case No. 2020-01922, 2019-5921 

[*1]111 West 57th Investment LLC, on Behalf of Itself and Derivatively on Behalf of 111 West 57th Partners LLC, Plaintiff-Appellant,
v
111 W57th Property Owner LLC, Defendant-Respondent, 111 West 57th Partners LLC et al., Nominal Defendants.


Meister Seelig & Fein LLP, New York (Stephen B. Meister and Eugene Meyers of counsel), for appellants.
Kasowitz Benson Torres LLP, New York (Paul M. O'Connor III of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 8, 2019, which granted defendant's motion to cancel a notice of pendency filed against its property, and order, same court and Justice, entered March 2, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The claims against defendant for aiding and abetting breach of fiduciary duty fail for lack [*2]of allegations of defendant's "substantial assistance" to the primary violators (see Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003] [internal quotation marks omitted]). The constructive trust claim was also properly dismissed because, among other reasons, the legal remedy of money damages would be adequate to compensate plaintiff for any purported improper conduct of defendant (see e.g. Cuomo v Uppal, 68 AD3d 569 [1st Dept 2009]). Accordingly, the notice of pendency, which was based upon the constructive trust claim, was properly cancelled.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020