Brown v A 2007 Chevrolet, Vin No. 1GNET13M372223303 (2020 NY Slip Op 07023)





Brown v A 2007 Chevrolet, Vin No. 1GNET13M372223303


2020 NY Slip Op 07023


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-13103
2018-05077
 (Index No. 3125/16)

[*1]Dennis M. Brown, etc., appellant, 
v
A 2007 Chevrolet, Vin No. 1GNET13M372223303, et al., defendants, JPMorgan Chase Bank, NA, nonparty-respondent.


Dennis M. Cohen, County Attorney, Hauppauge, NY (Steve Fiore-Rosenfeld of counsel), for appellant.
Rudolph J. Meola, Albany, NY, for nonparty-respondent.



DECISION & ORDER
In a civil forfeiture action pursuant to chapter 420, article II of the Code of Suffolk County, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 21, 2017, and (2) a judgment of the same court dated October 27, 2017. The order, insofar as appealed from, granted the motion of nonparty JPMorgan Chase Bank, NA, for summary judgment declaring that it is entitled to take possession of the subject vehicle, free and clear of any claims, and, in effect, denied the plaintiff's cross motion for summary judgment awarding civil forfeiture of the vehicle. The judgment, upon the order, directed the plaintiff to release possession of the vehicle to nonparty JPMorgan Chase Bank, NA, upon demand, free and clear of any claims.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the motion of nonparty JPMorgan Chase Bank, NA, for summary judgment declaring that it is entitled to take possession of the subject vehicle, free and clear of any claims, is denied, and the order is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this civil forfeiture action pursuant to chapter 420, article II, of the Code of Suffolk County, seeking forfeiture of a vehicle owned by the defendant Joaquin A. Ferrer, and operated by an individual who was under the influence of an illegal substance. Thereafter, nonparty JPMorgan Chase Bank, NA (hereinafter JPMorgan), which held a lien on the vehicle, moved for summary judgment declaring that it was entitled to take possession of the vehicle, free and clear of any claims, and the plaintiff cross-moved for summary judgment awarding civil [*2]forfeiture of the vehicle. In an order dated September 21, 2017, the Supreme Court granted JPMorgan's motion and, in effect, denied the plaintiff's cross motion. In a judgment dated October 27, 2017, the court directed that the vehicle be released to JPMorgan, upon demand, free and clear of any claims. The plaintiff appeals.
Contrary to JPMorgan's contention, it was not named in this action as a noncriminal defendant against whom the County sought to "recover" seized property (chapter 420, article II, § 420-7[E] of the Code of Suffolk County). Thus, the plaintiff was not required to establish that JPMorgan "engaged in affirmative acts which aided, abetted or facilitated the conduct of [a] criminal defendant" in order to obtain forfeiture of the subject property (id. at § 420-7[G]). Further, an innocent lienholder is not entitled to immediate possession of a vehicle which is the subject of a civil forfeiture action, but rather is merely entitled to "satisfy its lien from the proceeds of the property after the forfeiture ha[s] been adjudicated against the guilty party" and to seek any deficiency from the debtor (City of New York v Salamon , 161 AD2d 470, 471; see Property Clerk of N.Y. City Police Dept. v Molomo , 81 NY2d 936). Thus, JPMorgan failed to establish its prima facie entitlement to judgment as a matter of law, and the Supreme Court should have denied its motion for summary judgment declaring that it is entitled to take possession of the vehicle, free and clear of any claims.
However, we agree with the Supreme Court's determination, in effect, denying the plaintiff's cross motion for summary judgment awarding civil forfeiture of the vehicle, since the plaintiff failed to present any evidence showing that Ferrer, the noncriminal defendant, aided, abetted, or facilitated the conduct of the criminal defendant (see chapter 420, article II, § 420-7[G] of the Code of Suffolk County).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court