Davis v Richmond Capital Group, LLC (2021 NY Slip Op 03111)





Davis v Richmond Capital Group, LLC


2021 NY Slip Op 03111


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 656346/18 Appeal No. 13843N-13843NA Case No. 2020-01400N 

[*1]James Davis, II, et al., Plaintiffs-Respondents,
v
Richmond Capital Group, LLC, et al., Defendants, Influx Capital Group, LLC Also Known as Influx Capital, LLC, et al., Defendants-Appellants.


Law Office of Jeffrey Fleischmann PC, New York (Jeffrey Fleischmann of counsel), for Jonathan Braun, appellant.
Jacobowitz Newman Tversky LLP, Cedarhurst (Nathan Cohen of counsel), for Influx Capital Group, LLC, GTR Source, LLC, Addy Source, LLC, TSVI Reich and TZVI Davis, appellants.
Colonna Cohen Law, Brooklyn (Ashlee V. Colonna Cohen of counsel), for respondents.



Orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about September 18, 2019, which, insofar as appealed from as limited by the briefs, denied defendant Jonathan Braun's and defendants Influx Capital Group, LLC a/k/a Influx Capital, LLC (Influx), GTR Source, LLC, Addy Source, LLC (Addy), Tsvi Reich a/k/a Steve Reich, and Tzvi Davis a/k/a Steven Davis's motions to dismiss the amended complaint as against them, unanimously modified, on the law, to grant the motions as to the constructive trust, accounting, and General Business Law (GBL) § 349 claims, the contractual claims insofar as asserted against Braun, Reich, and Steven Davis, the RICO claim insofar as premised on a pattern of racketeering activity, and the GBL 130 and 133 claim insofar as directed at Influx and Addy, and Braun's request to strike allegations contained at ¶¶ 29-30, 133, 241, 257-58, 265-66, 301 and Ex. A of the amended complaint, and otherwise affirmed, without costs.
The contract causes of action (first and seventh) should be dismissed as against the individual defendants (Braun, Reich, and Steven Davis), because they are not parties to the subject Merchant Cash Advance (MCA) agreements and plaintiffs failed to allege facts sufficient to support piercing the corporate veil (see East Hampton Union Free Sch. Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126-127 [2d Dept 2009], affd 16 NY3d 775 [2011]). The contract claims were otherwise correctly sustained.
Plaintiffs allege sufficiently that defendants breached the MCA agreements by failing to pay the amounts promised, withdrawing unauthorized amounts, and refusing to permit reconciliation.
Plaintiffs also allege sufficiently that the subject agreements were loans subject to usury laws, to wit, the discretionary nature of the reconciliation provisions, the allegations that defendants refused to permit reconciliation, the selection of daily payment rates that did not appear to represent a good faith estimate of receivables, provisions making rejection of an automated debit on two or three occasions without prior notice an event of default entitling defendants to immediate repayment of the full uncollected purchased amount, and provisions authorizing defendants to collect on the personal guaranty in the event of plaintiff business's inability to pay or bankruptcy (see LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665-666 [2d Dept 2020]). If the agreements are found to be loans, criminal usury will be a defense to their enforcement, rendering them void (see General Obligations Law § 5-521[3]; Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 182-183 [1st Dept 2013]).
The RICO cause of action (third) was correctly sustained for the same reasons, insofar as it was premised on collection of an unlawful debt. It should be dismissed, however, insofar as it was premised on a pattern of racketeering activity. The alleged racketeering activity — collection of [*2]an extension of credit by extortionate means — requires a showing that defendants used or threatened to use violence (see 18 USC §§ 891[7]; 894; United States v Pacione, 738 F2d 567, 571-72 [2d Cir 1984]). The only threats specifically alleged do not rise to this level.
The GBL 130 and 133 fictitious names cause of action (fifth) should be dismissed as against Influx and Addy, as documentary evidence establishes that these entities were not fictitious. It was correctly sustained, however, as against Yes Capital Funding Group, LLC d/b/a Yes Funding Services, LLC, as there is no documentary evidence to refute plaintiffs' allegations with respect to that entity.
The remaining causes of action should be dismissed. The constructive trust cause of action (second) fails because plaintiffs have an adequate remedy at law (see AQ Asset Mgt. LLC v Levine, 154 AD3d 430, 431 [1st Dept 2017]; Evans v Winston & Strawn, 303 AD2d 331, 333 [1st Dept 2003]). The equitable accounting cause of action (fourth) is inappropriate because plaintiffs know (or can easily ascertain) how much money was withdrawn from their bank accounts. The GBL 349 cause of action (sixth) cannot stand because there are no allegations of consumer-oriented conduct (see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]).
We grant Braun's request to strike allegations regarding his criminal history, prior bad acts, and ties to organized crime as scandalous and prejudicial, as these allegations are not relevant to plaintiffs' claims (see CPLR 3024[b]; Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 601 [1st Dept 2014]), and plaintiffs have not raised the question of appealability (see Chowaiki, 115 AD3d at 601).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021