Powell v BLDG 874 Flatbush LLC (2022 NY Slip Op 00290)





Powell v BLDG 874 Flatbush LLC


2022 NY Slip Op 00290


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Index No. 24520/16E Appeal No. 15092-15092A Case No. 2020-04950, 2020-04960 

[*1]Beverly Powell, Plaintiff-Respondent,
v
BLDG 874 Flatbush LLC, et al., Defendants-Appellants, Exotic Hat Master, Inc., Defendant-Respondent.


Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Geoffrey H. Pforr of counsel), for appellants.
Law Offices of Beth J. Schlossman, Brooklyn (Beth J. Schlossman of counsel), for Beverly Powell, respondent.
Miranda Slone Sklarin Verveniotis LLP, Elmsford (Richard S. Sklarin of counsel), for Exotic Hat Master, Inc., respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered September 11, 2020, which, to the extent appealed from as limited by the briefs, granted defendant Exotic Hat Master, Inc.'s motion for summary judgment dismissing defendants BLDG 874 Flatbush LLC and BLDG Management Co., Inc.'s cross claims against it, unanimously affirmed, without costs. Order, same court and Justice, entered September 29, 2020, which denied the BLDG defendants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
The BLDG defendants, owners of the property abutting the cracked sidewalk where plaintiff tripped or slipped, failed to establish prima facie that the sidewalk defect was trivial and nonactionable, as they did not offer expert evidence or measurements to support their argument, nor did they offer evidence to show that the alleged hazard was not enhanced by the surrounding circumstances (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]; Myles v Spring Val. Marketplace, LLC, 141 AD3d 425, 426-427 [1st Dept 2016]). In any event, factual issues were raised by the photographs depicting the hazardous condition, as well as the testimony of the BLDG defendants' property manager, that had she known of the hazardous sidewalk condition she would have directed the abutting tenant to repair the sidewalk (see e.g. Feldman v Kings Hero Rest., 270 AD2d 1, 2 [1st Dept 2000]).
The BLDG defendants also failed to establish prima facie that they lacked actual or constructive notice of the sidewalk defect, as they failed to offer evidence based on firsthand knowledge as to when the sidewalk was last inspected prior to plaintiff's accident (see Abraham v Dutch Broadway Assoc. L.L.C., 192 AD3d 550, 550-551 [1st Dept 2021]; Uncyk v Cedarhurst Prop. Mgt., LLC, 137 AD3d 610, 610 [1st Dept 2016]). Moreover, reasonable inferences that can be drawn from the photographs depicting the sidewalk condition, and the property manager's testimony that she inspected the premises intermittently over many years, raise factual issues as to the BLDG defendants' actual or constructive notice.
The court correctly granted Exotic Hat summary judgment dismissing the complaint and the BLDG defendants' cross claims against it. The photographic evidence, in conjunction with plaintiff's and the property manager's testimony, established that the sidewalk hazard upon which plaintiff tripped or slipped was in front of the property next door to Exotic Hat's storefront, and BLDG defendants failed to raise an issue of fact in opposition to Exotic Hat's prima facie showing.
We have considered the BLDG defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022