Per Curiam.

In March of 1955 two Inspectors of the Board of Health of the City of New York seized, pursuant to article 8 of the Sanitary Code of the City of New York, a number of plaintiff’s “Electro-Therapeutic Bracelets” together with all accompanying literature. The basis for the seizure was that all circulars, devices and placards were misbranded and, so, liable to be seized by the Board of Health as such. The seizure was accomplished under the claimed authority of section 135 of the Sanitary Code and was carried out without any prior notice to the plaintiff and without any kind of a hearing.
We construe section 135 of the. Sanitary Code as. requiring that any condemnation proceeding taken by defendants under the Sanitary Code accord with the procedure specified in a like case prosecuted under the Education Law (§ 6815). Until those safeguards afforded plaintiff by law are observed, we may not pass upon the basic question of whether the plaintiff’s bracelet was misbranded. The seizure here having been in violation of those procedural safeguards, the plaintiff is entitled to a return of its property. The defendants and other appropriate authorities, if any, are free, of course, to initiate any proper proceedings or prosecutions, if they so choose.
The judgment of the Appellate Division should be modified by affirming so much thereof as dismisses that part of plaintiff’s complaint by which it seeks an injunction against defendants *250 and by reversing so much thereof as dismisses that part of plaintiff’s complaint by which it seeks a return of the property which has been seized by defendants.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, without costs.