In the Matter of KINGS MAYFLOWER, INC., Appellant, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Respondents.—In consolidated tax certiorari proceedings to review assessments on petitioner's real property for the tax years 1966-1967 through 1976-1977, petitioner appeals from a judgment of the Supreme Court, Kings County, dated September 15, 1977, which upheld the assessments for the tax years 1966-1972 and reduced the assessments for the tax years 1972-1977 from a total of $370,000 for each such year to a total of $360,000 for each such year. Judgment affirmed, with costs. While a recent sale of property made at arm's length, if not explained away as abnormal in any fashion, is evidence of the "highest rank" to determine the true value of the property at that time (*Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273, 277), it is by no means necessarily determinative of the issue of the market value of real property. The court may properly take into account, where the circumstances of the case are appropriate, other factors, such as the value determined on the basis of capitalization of the income to be derived from the property, sales of comparable property, etc. (see *People ex rel. Parklin Operating Corp. v Miller,* 287 NY 126, 129; *Plaza Hotel Assoc. v Wellington Assoc.,* 73 Misc 2d 6, 10, mod 46 AD2d 642, affd 37 NY2d 273; *People ex rel. Four Park Ave. Corp. v Lilly,* 265 App Div 68, 71). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.

In the Matter of LEONARD STANLEY, Appellant, v PROPERTY CLERK OF THE POLICE DEPARTMENT OF THE TOWN OF RAMAPO et al., Respondents.— In a proceeding pursuant to CPLR article 78, *inter alia,* to recover certain property claimed to be in the possession of the respondents, petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County, entered September 15, 1977, which (1) denied petitioner's motion for leave to proceed as a poor person, without prejudice to the renewal thereof upon proper papers, and (2) granted, without prejudice, the motion of the respondent Property Clerk of the Police Department of the Village of Spring Valley to dismiss the petition for failure to state a cause of action. Order and judgment affirmed, without costs or disbursements. The denial of the application for leave to proceed as a poor person was proper in view of petitioner's failure to serve the County Attorney of Rockland County. Service upon the District Attorney is not sufficient (see CPLR 1101, subd [c]). Upon reapplication, if one is made, the desirability of assigning an attorney to represent petitioner pursuant to CPLR 1102 (subd [a]) should be carefully considered. Turning to the balance of the order appealed from, it is our belief that while section 410.00 of the Penal Law is not dispositive of the motion to dismiss, the allegations contained in the petition are more properly cognizable in an action for replevin and not, as presently pleaded, in the posture of an article 78 proceeding (see *Clay v McCabe,* 56 AD2d 747; cf. *Matter of Caggiano v Frank,* 44 AD2d 828; see, also, *Metallic Flowers v City of New York,* 4 AD2d 292, 298-299, mod 5 NY2d 246; *People v Spencer,* 64 Misc 2d 1013, 1016). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.