■ RICHARD SEBASTIANO, Appellant, v STATE OF NEW YORK, Respondent. — Appeal from an order of the Court of Claims (Murray, J.), entered February 25, 1982, which directed the production of certain inmates at their respective correctional facilities for examination before trial and denied claimant's application for an order to proceed *in forma pauperis.* This claim arises from an incident occurring on June 13, 1980 at the Clinton Correctional Facility at Dannemora, New York, wherein the inmate claimant was allegedly doused with an inflammable liquid by other inmates, as a result of which, he contends, he was seriously and permanently injured. He asserts that because the State's agents failed to comply with established facility regulations, procedures and rules, and failed to safeguard him, other prisoners were able to inflict these injuries upon him. He seeks $2,510,000 from the State in damages. Claimant, in pursuit of his claim sought an order directing the opportunity for interviews with designated inmates as well as an examination before trial of these witnesses, and sought a further direction that the "interviews" and examinations be held in private rooms outside the presence of correction officers and that the facility authorities be directed not to interfere with these proceedings. Firstly, the record demonstrates that claimant's attorney has "interviewed" three inmates through and in accordance with the usual and normal visitation procedures and there is no evidence of any interference or hindrance of his purpose. The Department of Correctional Services and the facility authorities are charged with the duty of providing security for these facilities and we have no right nor inclination to restrict or impede their discharge of that duty absent compelling circumstances not exhibited here. As concluded by the Court of Claims, any interviews or examinations must be conducted pursuant to the rules and regulations promulgated by the Department of Correctional Services. Of course, any improper denial of visitation or noncompliance with established regulations may be reviewed and appropriately challenged (cf. *Cooper v Morin,* 49 NY2d 69; *Matter of Bugliaro v Wilmot,* 108 Misc 2d 425). The terms and provisions for discovery rest in the sound discretion of the court to which application is made (*Matter of U. S. Pioneer Electronics Corp.* [*Nikko Elec. Corp. of Amer.*], 47 NY2d 914). Since no abuse of discretion has been demonstrated by that court, we will not disturb the conditions imposed. Lastly, we agree with the Court of Claims denial of claimant's application to proceed *in forma pauperis.* The application is defective inasmuch as the action has been commenced and no notice was given to the county attorney of the appropriate county as mandated (CPLR 1101, subd [c]; *Harris v State of New York,* 100 Misc 2d 1015). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.