■ SUSAN BRUNBAUER, Respondent, v HANNES BRUNBAUER, Appellant. — Order of the Supreme Court, Suffolk County (Kutner, J.), dated October 12, 1983, affirmed insofar as appealed from, without costs or disbursements. (See *Marcus v Marcus,* 91 AD2d 991.) Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.

■ CARMEN CABLE, Respondent, v IBM CORPORATION et al., Appellants. — In an action to recover damages, *inter alia,* for wrongful termination of employment, defendants appeal from so much of an order of the Supreme Court, Dutchess County (Green, J.), dated June 27, 1983, as directed them to furnish plaintiff with copies of the entire files, records and documents, labeled the "open door" files which are maintained by defendant IBM Corporation. ¶ Order affirmed insofar as appealed from, with costs. ¶ It is well settled that the terms and conditions for discovery rest within the sound discretion of the court to which application is made (*Matter of U. S. Pioneer Electronics Corp.* [*Nikko Elec. Corp.*], 47 NY2d 914; *Sebastiano v State of New York,* 92 AD2d 966). Since no abuse of discretion has been demonstrated, the order should be affirmed insofar as appealed from. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ CARMEN CABLE, Appellant, v IBM CORPORATION et al., Respondents. — In a defamation action, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered June 9, 1983, as required her to provide further responses to certain interrogatories. ¶ Order affirmed insofar as appealed from, with costs. Plaintiff's time to respond to the interrogatories is extended until 10 days after service upon her of a copy of the order to be made hereon, with notice of entry. ¶ As to item No. 8, plaintiff has made a blanket claim of privilege, stating, *inter alia,* that the identity of an expert is not subject to disclosure. The privilege, however, is a limited one "designed to cover work done for purposes of litigation" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.52, pp 31-142 — 31-143). In the absence of specification that the experts were retained for the purposes of litigation, Special Term's determination was proper. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.