■ CHANEL SENOR, Appellant, v P. BEHRLE, as Superintendent of Green Correctional Facility, et al., Respondents. [880 NYS2d

---

587]—Malone Jr., J. Appeal from an order of the Court of Claims (DeBow, J.), entered July 7, 2008, which denied claimant's motion for assigned counsel.

As a result of an incident that occurred at a correctional facility infirmary, claimant, a prison inmate, was charged in a misbehavior report with smuggling, possessing unauthorized medication and refusing a direct order. Following a tier II disciplinary hearing, claimant was found guilty of smuggling and possessing unauthorized medication, a penalty of 30 days of confinement and a corresponding loss of privileges was imposed, and claimant apparently was removed from the facility's prescribed medication list. Claimant thereafter filed the instant claim against defendants alleging unlawful confinement and the wrongful denial of prescribed medication. In conjunction therewith, claimant moved for the appointment of assigned counsel, which the Court of Claims denied due to claimant's failure to comply with the applicable service requirements. This appeal by claimant ensued.

We affirm. Although the sole issue presented by the order from which this appeal is taken is the propriety of the denial of claimant's motion for the appointment of assigned counsel, claimant devotes his entire brief to arguing the merits of the underlying claim, which has yet to be resolved and, hence, is not properly before us. As to the motion for assigned counsel, inasmuch as claimant failed to address the denial of such motion in his brief, we deem any challenge in this regard to be abandoned (*see Czynski v State of New York*, 53 AD3d 881, 882 n [2008], *lv denied* 11 NY3d 715 [2009]; *Matter of Harris v Granger*, 30 AD3d 840, 841 [2006], *lv denied* 7 NY3d 716 [2006]). In any event, in light of claimant's failure to serve the county attorney in the county where the claim arose, the Court of Claims properly denied claimant's motion (*see* CPLR 1101 [c]; *see also Sebastiano v State of New York*, 92 AD2d 966 [1983]; *Matter of Stanley v Property Clerk of Police Dept. of Town of Ramapo*, 63 AD2d 970 [1978]).

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.