In the Matter of JOHN JAY COLLEGE OF CRIMINAL JUSTICE OF THE CITY UNIVERSITY OF NEW YORK. RIVER CENTER LLC et al., Appellants-Respondents, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent-Appellant. [905 NYS2d 18]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered June 5, 2008, awarding claimant River Center LLC the principal sum of $15,065,000, based on a decision, same court (Leland G. DeGrasse, J.), dated April 16, 2008, which, after a nonjury trial, valued River Center's property at $97,250,000 and deducted the condemnor's advance payments of $82,185,000, unanimously modified, on the law and the facts, to vacate that portion of the award which is for $14,800,000 in enhanced value for the zoning change and permits obtained by River Center, the matter remanded for recalculation of the interest, and otherwise affirmed, without costs. Order, same court (Jane S. Solomon, J.), entered May 29, 2008, which denied River Center's motion to reopen the trial for submission of additional evidence or for a new trial, unanimously affirmed, without costs.

The trial court's findings in this condemnation valuation case are based on a fair interpretation of the evidence and we discern no basis to disturb those findings (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 510 [1981]). While fair market value should be based on the highest and best use of the property even though the owner may not have been utilizing it to its fullest potential at the time of the taking (*see Matter of Town of Islip [Mascioli]*, 49 NY2d 354, 360 [1980]), a use must be established as reasonably probable and not a "speculative or hypothetical arrangement in the mind of the claimant" (*see Matter of City of New York [Rudnick]*, 25 NY2d 146, 149 [1969], *remittitur amended* 26 NY2d 748 [1970]). The speculative nature of the proposed

development was shown here by, among other things, the testimony of River Center's principal admitting that at the time of the taking he had yet to obtain any financing commitment or any signed leases for the proposed development or, in fact, any of the requirements that would bring the project to fruition in the near future. To the extent that the appraisal rejected by the court was based on capitalization of income, it too was speculative (*see Matter of City of New York [Atl. Improvement Corp.]*, 28 NY2d 465, 470 [1971]; *Arlen of Nanuet v State of New York*, 26 NY2d 346, 354-355 [1970]).

Although the trial court cited the rule that "the purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]), and thus considered the price set forth in the 1998 purchase agreement for the property, the court properly recognized that such evidence is not determinative and took into account other factors (*see Matter of Kings Mayflower v Finance Adm'r of City of N.Y.*, 63 AD2d 970 [1978]). Such qualified reliance on the 1998 purchase agreement was shown by the trial court's statements that such evidence was recent enough "to warrant consideration" and that it was the "starting point" of any determination of value. In view of such limited use of the recent sale, any exclusion of the evidence proffered by River Center to show that the sale was not at arm's length would have had a minimal effect on the outcome.

The amount of the mortgage loan, with interest at 18$\frac{1}{2}$%, did not necessarily reflect the value of the property (*see Farash v Smith*, 59 NY2d 952, 955 [1983]; *see also Matter of City of New York*, 222 App Div 554, 559 [1928], *affd* 250 NY 588 [1929]). Evidence of offers for the property was properly excluded because, among other reasons, offers of such nature are inadmissible on the issue of value (*see Brummer v State of New York*, 25 AD2d 245, 248-249 [1966]). Contrary to River Center's contention, the trial court did not misapply the rule in *Frye v United States* (293 F 1013 [1923]) to the two-grid analysis of its appraiser; the court did not exclude this evidence, and merely drew an apt analogy to the rule in finding that the appraiser's analysis was unreliable because it was not based on a generally accepted methodology. The trial court properly rejected River Center's appraiser's addition of $37.8 million in value for entrepreneurial profit, since any claimed developer enhancements were only at the preliminary stage and there was testimony, found to be credible, that the plans were not compliant with the zoning or

the special permits for the property. Thus, while the plans might have been useful as a marketing tool, the court reasonably found that no purchaser would have paid for them as an added element of the purchase price for the property. The claim for delay damages as a result of the State's alleged interference in River Center's eventually successful efforts to obtain rezoning was properly dismissed as not an appropriate element in valuation, properly subject to the jurisdiction of the Court of Claims, and duplicative of a claim already before that court.

The motion court properly exercised its discretion (CPLR 4404 [b]) in denying River Center's motion to reopen the record or for a new trial. There was insufficient explanation for the failure to present at trial the testimony of a union official knowledgeable about River Center's predecessor's 1992 option and the 1998 purchase of the property (*see Fischer v RWSP Realty, LLC*, 63 AD3d 878 [2009]). Moreover, given that the trial court's discretion to reopen a case after a party has rested should be sparingly exercised (*see Lindenman v Kreitzer*, 7 AD3d 30, 33 [2004]), such discretion should be exercised even more sparingly where, as here, the motion is made after a decision has been rendered. Finally, as noted, it was unlikely that the evidence would have made any difference.

We modify the judgment solely on the ground, based on our review of the record, that the amount awarded for enhanced value for obtaining rezoning and special permits was duplicative, since it was already factored into the condemnor's appraisal that was accepted by the court; in addition, the costs were not documented. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ.