Lauren S. v Alexander S. (2022 NY Slip Op 03462)





Lauren S. v Alexander S.


2022 NY Slip Op 03462


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 350023/17 Appeal No. 16011-16012 Case No. 2021-03051, 2021-03053 

[*1]Lauren S., Plaintiff-Respondent,
v
Alexander S., Defendant-Appellant. 


Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi Tallentire of counsel), for appellant.
Dobrish Michaels Gross LLP, New York (Nina S. Gross of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about March 2, 2021, which, inter alia, after a trial, awarded legal custody of the parties' children to plaintiff mother, and appeal therefrom bringing up for review orders, same court and Justice, entered on or about January 25, 2019, which granted motions to quash subpoenas served by defendant father on plaintiff's treating therapists to the extent they sought confidential records not produced to and reviewed by the neutral court-appointed forensic evaluator in his investigation, unanimously affirmed, without costs. Order, same court and Justice, entered May 26, 2021, which, to the extent appealed from, granted plaintiff's motion to set a minimum net value for marital real property located in Southampton, New York, at $20 million for equitable distribution purposes, unanimously reversed, on the law, without costs, and the motion denied.
The trial court providently exercised its discretion in quashing subpoenas served by defendant on plaintiff's treating therapists upon its determination that disclosure or even in camera review of plaintiff's confidential therapy treatment records was not required to determine the issue of custody (see People ex rel. Hickox v Hickox, 64 AD2d 412, 415-416 [1st Dept 1978]). Defendant has expressed no concern about plaintiff's parenting abilities; nor does the record support a finding that there is any cause for concern in that regard, particularly given the view of the court-appointed forensic evaluator, who assessed the parties independently and interviewed plaintiff's treating therapists, among other collateral sources.
Defendant's argument that the court relied on inadmissible hearsay from collateral sources is unpreserved for appellate review. Defendant did not object to the admission of the unredacted forensic report into evidence at trial (see Matter of State of New York v Dennis K., 27 NY3d 718, 741 [2016], cert denied sub nom. Anthony N. v New York, __ US __, 137 S Ct 574 [2016]). In any event, the report is admissible, as the forensic evaluator's expert opinion was based upon "direct knowledge" derived from multiple clinical interviews of the parties, independent psychiatric testing, and observations of the parties' interactions with the children (see Lubit v Lubit, 65 AD3d 954, 955-956 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). Any inadmissible hearsay contained in the report is not a ground for reversal because the forensic evaluator's conclusions were based on nonhearsay sources (see Shali D. v Victoria V., 172 AD3d 581, 581-582 [1st Dept 2019]).
With respect to the parties' Southampton marital property, we find that the court erred in imposing a minimum value based on a purchase offer of $20 million rejected by defendant, as evidence of an offer to purchase is generally inadmissible at trial to show fair market value (see Matter of John Jay Coll. of Criminal Justice of the City Univ. of [*2]N.Y., 74 AD3d 460, 461 [1st Dept 2010], lv dismissed in part, denied in part 16 NY3d 889 [2011], cert denied sub nom. River Ctr. LLC v Dormitory Auth. of the State of N.Y., 566 US 982 [2012]).
We have considered defendant's remaining arguments, including his request for sanctions, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022