■ IRENE SILVERMAN, Appellant, v BERNARD L. SCHWARTZ et al., Respondents. [670 NYS2d 95] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about March 10, 1997, which granted defendants' motion pursuant to CPLR 3211 to dismiss the supplemental amended derivative complaint, unanimously affirmed, with costs.

The motion court correctly concluded that plaintiff did not have standing to prosecute a derivative action on behalf of the corporate defendant Loral Space and Communications Limited since the claims plaintiff sought to bring in a derivative capacity were not properly the claims of Loral Space but rather those of the Loral Corporation, an entity of which plaintiff is no longer a stockholder, her shares therein having been previously tendered for cash in the course of the Loral Corporation's merger with the Lockheed Corporation (see, Business Corporation Law § 626 [b]; see also, Rubinstein v Catacosinos, 91 AD2d 445, 446-447, affd for reasons stated 60 NY2d 890). We note in addition that even if plaintiff had standing, the complaint would have been properly dismissed on the ground that the documentary evidence offered by defendants conclusively establishes that the Loral Corporation was contractually bound to make the payment to which plaintiff objects. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.