■ LEO BALK et al., Appellants-Respondents, v 125 WEST 92ND STREET CORPORATION et al., Respondents-Appellants. [806 NYS2d 31]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered September 8, 2004 and February 3, 2005, which, in an action against a cooperative housing corporation and its shareholders for, inter alia, breach of contract and discrimination, granted defendants' motions to dismiss the complaint and the amended complaint, unanimously affirmed, with one bill of costs in favor of defendants, payable by plaintiffs.

Since the individual defendants are not signatories to the proprietary lease, the only agreement specifically identified by plaintiffs, no cause of action for breach of contract can be asserted against them (cf. Woo v Irving Tenants Corp., 276 AD2d

380 [2000]; *Brainstorms Internet Mktg. v USA Networks,* 6 AD3d 318 [2004]). With respect to defendant cooperative, since plaintiff Balk is no longer a shareholder thereof, any derivative claims are barred (*see Silverman v Schwartz,* 248 AD2d 332 [1998]). Accordingly, Balk's breach of contract and breach of fiduciary duty claims, which intermingled derivative and individual claims, were properly dismissed (*see Abrams v Donati,* 66 NY2d 951 [1985]). Moreover, in the context of the breach of contract claim, the alleged discrimination must have occurred while defendant cooperative was "exercising any right reserved to it in this lease." Although plaintiffs identify a series of generally discriminatory comments, they have not adequately connected the comments to the cooperative's exercise of any specific rights. Plaintiffs' Human Rights Law claims were properly dismissed on the basis of documentary evidence disproving their allegations of disparate treatment, and because the isolated and occasional comments alleged are insufficient to show a hostile environment (*cf. Forrest v Jewish Guild for Blind,* 3 NY3d 295, 310-311 [2004]). Moreover, the alleged incidents that occurred prior to April 2001 are time-barred. We have considered plaintiffs' other arguments and find them to be unavailing. We have considered and rejected defendants' claim for legal fees or sanctions under Executive Law § 297 (10). Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.