ROBERT PHILLIP, Respondent, v DORON ZANANI, Appellant, et al., Defendant. [889 NYS2d 637]—

In an action for a judgment declaring, in effect, that certain real property is free and clear of a judgment lien asserted by the defendant/counterclaim plaintiff, the defendant/counterclaim plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated April 21, 2008, as denied those branches of his motion which were for summary judgment, in effect, declaring that the real property is subject to his judgment lien, and for summary judgment on the first and second counterclaims, and granted those branches of the cross motion of the plaintiff/counterclaim defendant which were for summary judgment dismissing the first, second, third, and fourth counterclaims, and (2) from an order of the same court dated November 10, 2008, which granted the motion of the plaintiff/counterclaim defendant to cancel a notice of pendency filed in connection with the subject real property.

Ordered that the order dated April 21, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 10, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff/counterclaim defendant.

The plaintiff/counterclaim defendant Robert Phillip owned certain real property (hereinafter the property) as a tenant in common with the additional counterclaim defendant Casey White. In 2002 Phillip commenced a partition action against White. In the course of litigating that action, Phillip and White agreed upon a buyout procedure, but continued to litigate the issue of the value of the property.

The defendant/counterclaim plaintiff Doron Zanani was the attorney who represented White in the partition action until

White discharged him. After White discharged Zanani, Zanani obtained a judgment against White for unpaid legal fees in the sum of $26,537.28. On February 7, 2005 the judgment was docketed in the office of the County Clerk, Kings County.

In the partition action, the Supreme Court ultimately determined the value of the property. Phillip then bought out White's interest in the property, which, on or about October 31, 2005, was conveyed to Phillip pursuant to a sheriff's deed.

In 2007 Phillip commenced the instant action, seeking a judgment declaring, in effect, that the property is free and clear of Zanani's judgment lien. In his answer, Zanani, alleging that the conveyance of White's interest in the property to Phillip should be set aside on the grounds that the conveyance was for inadequate consideration and fraudulent, asserted four counterclaims against Phillip and White, seeking to recover, inter alia, the $26,537.28 judgment. Zanani also filed a notice of pendency in connection with the property.

The Supreme Court properly denied that branch of Zanani's motion which was for summary judgment, in effect, declaring that the property is subject to his judgment lien, as Zanani failed to establish his prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Although Zanani demonstrated that the judgment was docketed before White's interest in the property was conveyed to Phillip, and correctly argued that "[n]o transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor . . . from the time of the docketing of the judgment" (CPLR 5203 [a]), there is a triable issue of fact as to what extent the judgment lien—which is enforceable against the property only up to White's interest therein (*see Ptaszynski v Flack,* 263 App Div 831 [1941]; *Matter of Krolick,* 9 Misc 3d 1115[A], 2005 NY Slip Op 51564[U] [2005]; *cf. Viggiano v Viggiano,* 136 AD2d 630, 631 [1988])—is actually enforceable against the property.

The Supreme Court also properly granted those branches of Phillip's cross motion which were for summary judgment dismissing the first counterclaim, which alleged that the conveyance of White's interest in the property to Phillip constituted a constructive fraud (*see* Debtor and Creditor Law §§ 273, 273-a), and the second counterclaim, which alleged that the conveyance was made with an actual intent to defraud (*see* Debtor and Creditor Law §§ 276, 276-a). Phillip established his prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 853), by demonstrating

that the conveyance was made for fair consideration and with the legitimate intention of effectuating the buyout agreement between him and White, and not to hinder Zanani's enforcement of his judgment. In opposition, Zanani failed to raise a triable issue of fact.

Zanani's remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Lott, JJ., concur. [*See* 2008 NY Slip Op 31291(U).]