■ In the Matter of Town of Southampton, Appellant, v Anthony Chiodi et al., Respondents. [907 NYS2d 25]—

In a turnover proceeding pursuant to CPLR 5225, inter alia,

to compel the respondent Anthony Chiodi to satisfy a money judgment entered against the respondent ADC Contracting and Construction, Inc., the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Emerson, J.), dated May 26, 2009, which denied its motion for leave to amend the petition to add Rosanne Chiodi as a respondent and to add a claim to set aside allegedly fraudulent conveyances of assets pursuant to Debtor and Creditor Law §§ 273, 273-a, and 276, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In 1993, the respondent ADC Contracting and Construction, Inc. (hereinafter ADC), a general contracting company, was incorporated. The respondent Anthony Chiodi was ADC's sole shareholder and president.

ADC acted as general contractor on construction projects for certain municipalities. In connection with those projects, ADC obtained payment and performance bonds from two sureties. In order to induce the sureties to issue those bonds, Chiodi and his wife executed indemnity agreements in favor of the sureties. Certain disputes then arose between ADC, ADC's subcontractors, and the municipalities.

As a result of one particular dispute, ADC commenced an action against the City of New York. That action eventually settled for the sum of $500,000. As a result of certain other disputes, the sureties settled various claims under the bonds. Subsequently, each surety commenced an action against ADC, Chiodi, and Chiodi's wife, seeking, inter alia, contractual indemnification based on the indemnity agreements. Those actions were ultimately settled for the sums of $225,000 and $135,000, respectively. Finally, as a result of another dispute, ADC commenced an action against the petitioner, the Town of Southampton, seeking to recover damages for, among other things, breach of contract. The Town asserted a counterclaim against ADC to recover damages for breach of contract. Ultimately, the complaint in that action was dismissed (*see ADC Contr. & Constr., Inc. v Town of Southampton*, 45 AD3d 614 [2007]). However, the Town, which prevailed on its counterclaim, was awarded a judgment against ADC in the sum of $220,607.20.

On or about July 21, 2008, the Town commenced this turnover proceeding, seeking, inter alia, to compel Chiodi to pay the sum of $220,607.20, even though he was not the judgment debtor (*see* CPLR 5225 [b]). In the petition, the Town alleged that Chiodi exercised complete dominion and control over ADC, and wrongfully prevented the Town from enforcing its judg-

ment by causing ADC to transfer its assets and become insolvent. The Town essentially alleged that under these circumstances, ADC's corporate veil should be pierced, and Chiodi should be compelled to pay the sum of $220,607.20.

Approximately three months after the commencement of this proceeding, after certain discovery was conducted, the Town moved for leave to amend the petition to add Chiodi's wife as a respondent and to add a claim to set aside allegedly fraudulent conveyances of assets pursuant to Debtor and Creditor Law §§ 273, 273-a, and 276. The Town argued that when Chiodi caused ADC to transfer its assets, which included the proceeds from the $500,000 settlement in its action against the City, Chiodi did so "fraudulently . . . to satisfy" his and his wife's "personal liabilities" in the actions the sureties commenced against them.

In the order and judgment appealed from, the Supreme Court denied the Town's motion for leave to amend the petition. The Supreme Court also denied the petition and dismissed the proceeding. We affirm.

Although leave to amend a pleading should be freely given (see CPLR 3025 [b]), a court should deny a motion for leave to amend a petition if the proposed amendment is palpably insufficient, would prejudice or surprise the opposing party, or is patently devoid of merit (see Matter of Rouson, 32 AD3d 956, 958 [2006]). Here, the proposed amendments to the petition were patently devoid of merit, as the record demonstrates that ADC's transfers of assets to the sureties, made to satisfy antecedent corporate obligations, were not fraudulent, even though their effect was to reduce the assets available to the Town, and to frustrate the Town's ability to satisfy its judgment against ADC. Conveyances "which satisf[y] an antecedent debt made while the debtor is insolvent [are] neither fraudulent nor otherwise improper, even if [their] effect is to prefer one creditor over another" (Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 90-91 [1993]; see Debtor and Creditor Law §§ 272, 273; see also Ronga v Chiusano, 97 AD2d 753 [1983]). Furthermore, because the Town failed to establish that Chiodi, in causing ADC to make the transfers, committed a fraud or wrong against the Town, no basis exists for piercing ADC's corporate veil and requiring Chiodi to satisfy the Town's judgment against ADC (cf. Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]).

The Town's remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.