■ EFSTATHIOS VALIOTIS, Respondent, v DEMETRIOS BEKAS, Appellant, et al., Defendants. [965 NYS2d 369]—

In an action to foreclose a mortgage, the defendant Demetrios Bekas appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered February 10, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and to strike his answer, and (2) from an order of the same court entered February 22, 2012, which denied his motion for leave to renew and reargue his opposition to those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and to strike his answer.

Ordered that the order entered February 10, 2012, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Demetrios Bekas and to strike that defendant's answer are denied; and it is further,

Ordered that the appeal from so much of the order entered February 22, 2012, as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the remainder of the order entered February 22, 2012, is dismissed as academic in light of our determination on the appeal from the order entered February 10, 2012; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff established his prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendant Demetrios Bekas in this foreclosure action by submitting the mortgage, note, and evidence of the mortgagors' default thereunder (*see U.S. Bank N.A. v Denaro*, 98 AD3d 964, 965 [2012]; *Citibank, N.A. v Van Brunt Props., LLC*, 95 AD3d 1158, 1159 [2012]). However, in opposition, Bekas raised a triable issue of fact regarding his affirmative defense that he was fraudulently induced into executing the note and mortgage by the plaintiff's misrepresentations, upon which Bekas allegedly relied because of his relationship of trust and confidence with the plaintiff (*see Bloom v Lugli*, 102 AD3d 715, 718 [2013]; *Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]; *Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1039-1040 [2009]; *Dalessio v Kressler*, 6 AD3d 57, 61 [2004]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bekas and to strike Bekas's answer. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.