■ ZELOUF INTERNATIONAL CORP., Appellant, v RIVERCITY, LLC, et al., Respondents, et al., Defendant. [999 NYS2d 523]—

In an action to set aside a conveyance of stock as fraudulent under the Debtor and Creditor Law, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered July 12, 2012, as denied its motion for summary judgment on the complaint, and granted that branch of the cross motion of the defendants Rivercity, LLC, Efstathios Valiotis, and Top Cove Associates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff extended a loan to the defendant Demetrios Bekas, who failed to repay. The plaintiff then commenced an action to recover on the debt, and eventually obtained a judgment in its favor. Before the plaintiff obtained the judgment, Bekas transferred stock he owned in the defendant Top Cove Associates, Inc. (hereinafter Top Cove), to the defendant Rivercity, LLC (hereinafter Rivercity), in which the defendant Efstathios Valiotis had an interest. The plaintiff thereafter commenced this action to set aside the stock transfer under the Debtor and Creditor Law, alleging that the transfer was made without fair consideration. The plaintiff moved for summary judgment and Rivercity, Valiotis, and Top Cove (hereinafter collectively the defendants) cross-moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Debtor and Creditor Law § 272 (a) provides that "[f]air consideration is given for property . . . [w]hen in exchange for such property . . . as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." A conveyance that satisfies an antecedent debt is not fraudulent, even if made by an insolvent debtor, if the transfer simply prefers one creditor over another (*see Matter of Town of Southampton v Chiodi*, 75 AD3d 604, 606 [2010]; *see also Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 458 [2002]).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that, in exchange for Bekas's transfer of the subject stock to Rivercity, an antecedent debt of $2,500,000 was satisfied. In response, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. For the same reason, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur. 