■ DEMETRIOS BEKAS, Appellant, v EFSTATHIOS VALIOTIS et al., Respondents. [1 NYS3d 191]—

In an action, inter alia, to recover damages for fraudulent inducement, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), entered January 14, 2013, which denied, without prejudice, his motion to compel the defendants to respond to his first set of interrogatories, and granted the defendants' cross motion, inter alia, to stay discovery pending resolution of their motion for summary judgment, (2) an order of the same court entered March 15, 2013, which granted the defendants' motion for summary judgment dismissing the complaint, and denied his cross motion, among other things, for leave to serve an amended complaint, and (3) an order of the same court entered May 6, 2013, which denied his motion for leave to reargue and renew the defendants' motion for summary judgment dismissing the complaint and his cross motion, inter alia, for leave to serve an amended complaint.

Ordered that the appeal from so much of the order entered May 6, 2013, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders entered January 14, 2013, and March 15, 2013, respectively, are affirmed; and it is further,

Ordered that the order entered May 6, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel discovery, and granting the defendants' cross motion for a stay of discovery while their summary judgment motion was pending (see CPLR 3214 [b]; cf. John Eric Jacoby, M.D., P.C. v Loper Assoc., 249 AD2d 277, 279 [1998]).

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The claims asserted by the plaintiff in this action are the same claims the

plaintiff asserted as cross claims against these defendants in an action entitled *Zelouf Intl. Corp. v Rivercity LLC*, pending in the Supreme Court, Queens County under index No. 18790/10 (2012 NY Slip Op 32078[U] [2012]), in which those cross claims were summarily dismissed (*see Zelouf Intl. Corp. v Rivercity, LLC*, 123 AD3d 1116 [2014]). The plaintiff's claims against the defendants in this action are, therefore, barred by res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of City of New York v Schmitt*, 50 AD3d 1032, 1033-1034 [2008]), and collateral estoppel (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001]; *Gilberg v Barbieri*, 53 NY2d 285, 291-292 [1981]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew, on the ground that the plaintiff failed to submit the proper supporting papers with his motion (*see* CPLR 2221 [e]; *Walter v Jones, Sledzik, Garneau & Nardone, LLP*, 67 AD3d 671 [2009]; *Mirzoeff v Nagar*, 52 AD3d 789 [2008]). In any event, the plaintiff gave no reasonable justification for failing to present the alleged new facts on the prior motion (*see Bazile v City of New York*, 94 AD3d 929 [2012]; *Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall*, 81 AD3d 649, 652 [2011]), and the new facts would not have changed the prior determination (*see Eskenazi v Mackoul*, 92 AD3d 828 [2012]).

The plaintiff's remaining contentions either are without merit or are not properly before this Court. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.