■ EFSTATHIOS VALIOTIS, Plaintiff/Third-Party Defendant-Respondent, v DEMETRIOS BEKAS, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. MICHAEL PAPAGIAN-NOPOULOS et al., Third-Party Defendants-Respondents. [42 NYS3d 347]—

In an action to foreclose a mortgage, the defendant/third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered June 5, 2014, as granted that branch of the motion of the third-party defendant Michael Papagiannopoulos, and that branch of the separate motion of the plaintiff/third-party defendant and the third-party defendants Stamatiki Valiotis, Rivercity, LLC, and Top Cove Associates, Inc., which were pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff/third-party defendant and the third-party defendants Stamatiki Valiotis, Rivercity, LLC, and Top Cove Associates, Inc.

Efstathios Valiotis (hereinafter Valiotis) and Demetrios Bekas were friends for over 20 years and had numerous business dealings together. In June 2004, Bekas executed an affidavit for judgment by confession acknowledging that he owed Valiotis the sum of $3,243,445, and the Supreme Court entered a judgment by confession in favor of Valiotis and against Bekas in that amount. In July 2004, Valiotis, on behalf of Rivercity, LLC, purchased Bekas's 40% interest in Top Cove Associates, Inc. (hereinafter Top Cove), for $2.5 million (hereinafter the sale of stock). In August 2004, Bekas and his wife executed a $400,000 mortgage and note in favor of Valiotis, secured by certain real property.

In August 2010, Valiotis commenced this action to foreclose the mortgage against, among others, Bekas and his wife, alleging that they defaulted in paying the mortgage. On a prior appeal, this Court reversed so much of the Supreme Court's order as granted summary judgment to Valiotis on the complaint

insofar as asserted against Bekas, finding that Bekas raised a triable issue of fact regarding his affirmative defense that he was fraudulently induced into executing the note and mortgage (*see Valiotis v Bekas*, 106 AD3d 992 [2013]).

Bekas then commenced a third-party action against Valiotis, his wife Stamatiki Valiotis (hereinafter Stamatiki), Rivercity, LLC, and Top Cove (hereinafter the collectively the Valiotis defendants), asserting numerous claims sounding in fraud and breach of fiduciary duty and seeking to impose a constructive trust on real property to which Stamatiki holds title. Bekas also asserted claims against Valiotis's attorney, Michael Papagiannopoulos, for aiding and abetting the alleged fraud with regard to the judgment by confession and the sale of stock.

The Supreme Court properly granted those branches of the separate motions of the Valiotis defendants and Papagiannopoulos which were pursuant to CPLR 3211 (a) to dismiss the third-party complaint insofar as asserted against each of them. Bekas's claims alleging fraud and breach of fiduciary duty with regard to the judgment by confession and the sale of stock were raised and summarily dismissed in *Zelouf Intl. Corp. v Rivercity, LLC* (123 AD3d 1114 [2014]), and *Bekas v Valiotis* (123 AD3d 1070 [2014]). Those claims are therefore barred by the doctrines of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of City of New York v Schmitt*, 50 AD3d 1032, 1033-1034 [2008]) and collateral estoppel (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001]; *Gilberg v Barbieri*, 53 NY2d 285, 291-292 [1981]), and the court properly granted dismissal of those claims pursuant to CPLR 3211 (a) (5).

In a related action, the Supreme Court previously rejected a request by Bekas to add claims against Papagiannopoulos relating to the judgment by confession and the sale of stock. That determination was affirmed on appeal in *Bekas v Valiotis* (123 AD3d 1070 [2014]). Thus, in this action, the Supreme Court properly granted dismissal of Bekas's claims against Papagiannopoulos on res judicata grounds pursuant to CPLR 3211 (a) (5).

The Supreme Court also correctly determined that Bekas lacks standing to pursue a derivative action on behalf of Top Cove (*see* Business Corporation Law § 626; *Balk v 125 W. 92nd St. Corp.*, 24 AD3d 193 [2005]; *Ciullo v Orange & Rockland Utils.*, 271 AD2d 369 [2000]). Thus, the court properly granted dismissal of Bekas's claims brought on behalf of Top Cove pursuant to CPLR 3211 (a) (3).

The Supreme Court properly determined that the third-party

complaint fails to state a cause of action for a constructive trust (*see Maiorino v Galindo*, 65 AD3d 525, 526-527 [2009]), and the court properly granted dismissal of that cause of action pursuant to CPLR 3211 (a) (7). Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.