Matter of White Plains Plaza Realty, LLC v Cappelli (2020 NY Slip Op 06536)





Matter of White Plains Plaza Realty, LLC v Cappelli


2020 NY Slip Op 06536


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07036 
2017-07037
 (Index No. 70276/15)

[*1]In the Matter of White Plains Plaza Realty, LLC, appellant, 
v
Louis R. Cappelli, et al., respondents.


Shapiro Gettinger Waldinger & Monteleone, LLP, Mount Kisco, NY (Mona D. Shapiro of counsel), for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Alfred E. Donnellan and Patrick M. Reilly of counsel), for respondents.



DECISION & ORDER
In a proceeding by a judgment creditor pursuant to CPLR 5225(b) and 5227, the petitioner appeals from (1) a decision of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 2, 2017, and (2) a judgment of the same court dated May 12, 2017. The judgment, upon the decision, made after a nonjury trial, dismissed the petition.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2011, the petitioner was awarded a judgment in the sum of $900,561.53 against TSI White Plans, LLC (hereinafter TSI). As TSI was judgment proof, by notice of petition dated October 13, 2011, the petitioner commenced a proceeding (hereinafter the underlying proceeding) against the respondent Cappelli Enterprises, Inc. (hereinafter CEI), demanding that it satisfy the judgment in accordance with an indemnification agreement between CEI and TSI. A judgment dated June 5, 2013, in the total sum of $1,044,744.88 was rendered in favor of the petitioner and against CEI (hereinafter the 2013 judgment). The 2013 judgment remains unsatisfied. The petitioner commenced this proceeding pursuant to CPLR 5225(b) and 5227 seeking to pierce the corporate veil of CEI and hold the respondent Louis R. Cappelli (hereinafter Cappelli) personally liable for the 2013 judgment.
The petition alleges that there were three conveyances made with fraudulent intent subsequent to the commencement of the underlying proceeding, which eliminated more than $8 million in receivables owed to CEI, without consideration, and consequently left CEI without any assets and therefore judgment proof. However, the only alleged conveyance challenged by the petitioner on appeal is an October 2011 "clean up" of CEI's books and records for the year 2010, in [*2]which Cappelli directed, inter alia, that approximately $7.5 million in receivables owed to CEI by affiliated entities that he also controlled be written-off CEI's internal financial records (hereinafter the 2011 clean up). With respect to the 2011 clean up, the petition alleged that, inter alia, the respondents violated Debtor and Creditor Law former §§ 273, 273-a, and 276.
In dismissing the petition after trial, the Supreme Court determined that "the evidence adduced at trial fails to establish that the journal entries on the books of [CEI] were conveyances as that term is defined in [former] section 270 of the Debtor and Creditor Law." The court explained that CEI "merely made journal entries writing off the receivables as uncollectible or bad debt," which did not affect CEI's "right and ability to pursue collection of the receivables." The court held that the petition failed to establish by clear and convincing evidence that either CEI or Cappelli actually intended to defraud any creditors. The court further held that there was no basis for piercing the corporate veil as the petitioner failed to establish that Cappelli committed a fraud or wrong against it.
A necessary element of a cause of action pursuant to Debtor and Creditor Law former §§ 273, 273-a, and 276 is a "conveyance" (see State Farm Ins. Co. v Shanley & Schwartz, Inc., 111 AD3d 918, 919). Accordingly, a threshold question is whether the 2011 clean up constituted a "conveyance" within the definition of the statute. Pursuant to former section 270 of the Debtor and Creditor Law, a "conveyance" "includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance."
Here, we agree with the Supreme Court's determination that the transactions at issue did not constitute "conveyances" within the meaning of the Debtor and Creditor Law. The testimony presented at trial established that the journal entries did not convey anything as there was no payment of money, assignment, release, transfer, lease, mortgage, pledge of tangible or intangible property, or creation of any lien or incumbrance (see Debtor and Creditor Law former § 270). In this regard, the uncontested testimony at trial demonstrated that CEI did not execute any releases in favor of the affiliated entities as part of the 2011 clean up. Accordingly, we agree with the Supreme Court's determination to dismiss the petition, as the 2011 clean up did not involve a "conveyance" within the meaning of the statute (see State Farm Ins. Co. v Shanley & Schwartz, Inc., 111 AD3d at 919). Further, as the court noted, there was no basis for piercing CEI's corporate veil, as the petitioner failed to establish that the respondents committed a fraud or wrong against the petitioner (see Matter of Town of Southampton v Chiodi, 75 AD3d 604, 606).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court