Bekas v Valiotis (2021 NY Slip Op 08161)





Bekas v Valiotis


2021 NY Slip Op 08161


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-04276
 (Index No. 9939/14)

[*1]Vaia Bekas, appellant, 
v
Stamatiki Valiotis, respondent.


Vaia Bekas, Bayside, NY (Demetrios Bekas on the brief), appellant pro se.
Harrington, Ocko & Monk, LLP, White Plains, NY (Kevin J. Harrington and John T.A. Rosenthal of counsel), for respondent.



DECISION & ORDER
In an action to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 7, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant in the Supreme Court, Queens County, to impose a constructive trust upon certain real property (hereinafter the subject property) by summons and complaint dated June 30, 2014. The plaintiff alleged that she and the defendant agreed that the defendant would take title to the subject property, but that the plaintiff would pay the down payment to purchase it, occupy it, and pay all carrying costs thereafter. The plaintiff also alleged that the defendant agreed to reconvey the subject property to her on demand. According to the plaintiff, however, on or about August 5, 2012, the defendant threatened to break this promise.
The defendant moved for summary judgment dismissing the complaint both on the merits and under the doctrines of res judicata and collateral estoppel in light of this Court's determination in a related action (Valiotis v Bekas, 145 AD3d 707). In an order entered March 7, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The Supreme Court erred in determining that the plaintiff was precluded from asserting her constructive trust cause of action against the defendant. "'Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter'" (MBIA Ins. Corp. v J.P. Morgan Sec., LLC, 144 AD3d 635, 638, quoting Matter of Hunter, 4 NY3d 260, 269). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500).
Here, in the related action, the plaintiff's husband demanded the imposition of a constructive trust upon the subject property in a third-party complaint upon similar allegations the plaintiff makes in this action, and this Court summarily affirmed the dismissal of the husband's [*2]claim for failure to state a cause of action (see Valiotis v Bekas, 145 AD3d 707). However, neither this Court nor the Supreme Court in that action adjudicated the distinct question of whether the plaintiff could pursue such relief in her own right. The plaintiff therefore was not precluded under the doctrines of res judicata or collateral estoppel from seeking to impose a constructive trust upon the subject property (see Dalton v Dalton, 174 AD3d 499, 499).
We nevertheless conclude that the defendant was entitled to summary judgment dismissing the complaint. "'[A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him [or her] into a trustee'" (Simonds v Simonds, 45 NY2d 233, 241, quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386; see Kaprov v Stalinsky, 145 AD3d 869, 870). "'The elements of a constructive trust are (1) a fiduciary or confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment'" (Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644, quoting Diaz v Diaz, 130 AD3d 560, 561).
Here, in opposition to the defendant's prima facie showing of entitlement to summary judgment dismissing the complaint on the merits, the plaintiff adduced evidence demonstrating that her relationship with the defendant was merely a friendship. The plaintiff's evidence concerning the superior experience and skill of the defendant's husband in real estate and financial matters was insufficient to raise a triable issue of fact as to whether the defendant had any similar expertise, or as to whether the plaintiff relied on that expertise with respect to the acquisition of the subject property. Consequently, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (see AQ Asset Mgt. LLC v Levine, 154 AD3d 430, 431).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court