Corning Fed. Credit Union v Georgilis (2023 NY Slip Op 03331)

Corning Fed. Credit Union v Georgilis

2023 NY Slip Op 03331

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2020-04854
 (Index No. 710044/16)

[*1]Corning Federal Credit Union, respondent, 
v
Steven Georgilis, et al., defendants, BOKF, NA, intervenor- defendant-appellant.

Law Offices of Jennifer Smith PLLC, New York, NY, for intervenor-defendant-appellant.
Davidson Fink, LLP, Rochester, NY (David L. Rasmussen of counsel), for respondent.

DECISION & ORDER
In an action to set aside allegedly fraudulent conveyances pursuant to the Debtor and Creditor Law, the intervenor-defendant, BOKF, NA, appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 14, 2020. The order denied the intervenor's motion for summary judgment dismissing the complaint or, in the alternative, for summary judgment declaring that it was a good-faith encumbrancer for value with a priority lien.
ORDERED that the order is reversed, on the law, with costs, that branch of the intervenor's motion which was for summary judgment dismissing the complaint is granted, and that branch of the intervenor's motion which was for summary judgment declaring that it was a good-faith encumbrancer for value with a priority lien is denied as academic.
The defendant Steven Georgilis (hereinafter Steven) and his son, the defendant Jason Georgilis (hereinafter Jason), each owned an undivided one-half interest in certain real property. In May 2013, the plaintiff, Corning Federal Credit Union (hereinafter Corning), commenced an action against Steven, and others, seeking to recover on a commercial loan (hereinafter the prior action). In December 2013, Steven transferred his one-half interest in the property to the defendant DiBenedetto Properties, Inc. (hereinafter DiBenedetto), and received $30,000 from that entity. In July 2014, Jason purchased the one-half interest in the property that had previously belonged to Steven and DiBenedetto for $200,000. To finance this purchase, Jason obtained a mortgage loan from the defendant Quontic Bank, which mortgage loan was assigned to BOKF, NA (hereinafter BOKF).
In 2016, Corning commenced this action alleging that the conveyances of the property were fraudulent under the Debtor and Creditor Law. Corning subsequently obtained a judgment against Steven for more than $400,000 in the prior action. BOKF was granted leave to intervene in the present action and, after discovery, moved for summary judgment dismissing the complaint or, in the alternative, for summary judgment declaring that it was a good-faith encumbrancer for value with a priority lien on the property. By order entered May 14, 2020, the Supreme Court denied the motion. BOKF appeals.
BOKF demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action seeking to set aside the conveyances under Debtor and Creditor Law former § 273-a, which statute was in effect at the time of the subject conveyances (see L 2019, ch 580, § 7). Under that statute, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages . . . is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment" (Debtor and Creditor Law former § 273-a; see Amos Fin., LLC v Noya 23, LLC, 196 AD3d 450, 451; Fischer v Sadov Realty Corp., 34 AD3d 632, 633). "To constitute fair consideration, the value given in exchange must be fairly equivalent and proportionate to the value of the property conveyed" (Cheek v Brooks, 188 AD3d 785, 786; see Debtor and Creditor Law former § 272). Fair consideration can include satisfaction of an antecedent debt (see Matter of BSL Dev. Corp. v Aquabogue Cove Partners, 212 AD2d 694, 695).
Here, BOKF argued that fair consideration was given for the conveyance, thus negating the claim under Debtor and Creditor Law former § 273-a. In support of this contention, BOKF submitted a mortgage note given by Steven to DiBenedetto on the day that Steven transferred his interest in the property to that entity, which showed that the transfer was not an absolute conveyance, but rather, was intended only as security for a $30,000 loan (see Real Property Law § 320). Pursuant to the mortgage note, the transferred property interest would revert to Steven upon repayment of the loan. BOKF also submitted the 2014 contract for the sale of the property interest to Jason. The contract was signed by Jason, DiBenedetto, and Steven, and indicated that Jason was purchasing both the property interest from DiBenedetto and Steven's reversionary interest in the property. BOKF submitted evidence that, at the closing, DiBenedetto was paid $28,519.50 to satisfy its loan to Steven, and that the remainder of the purchase price was paid to a company that Steven solely owned and to Steven's creditors. BOKF further submitted evidence demonstrating that, in 2014, Steven's equity in the property, which was encumbered by a mortgage enforceable against both his and Jason's interests, was equivalent to the purchase price paid by Jason. All of this evidence demonstrated, prima facie, that Steven received fair consideration for his interest in the property, including satisfaction of his debt to DiBenedetto (see Heid v Renwood Assoc., Inc., 184 AD3d 555, 557; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1114, 1115).
In opposition, Corning failed to raise a triable issue of fact, as it did not submit any evidence to refute any of the foregoing facts established by BOKF's evidence. Accordingly, BOKF was entitled to summary judgment dismissing the cause of action under Debtor and Creditor Law former § 273-a. Similarly, BOKF was entitled to summary judgment dismissing the causes of action under Debtor and Creditor Law former §§ 273 and 275, which also have as an element the absence of fair consideration for the conveyance.
BOKF additionally demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action to set aside the conveyances under Debtor and Creditor Law former § 276. At the time of the conveyances, that statute provided that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (id.). In determining whether a conveyance was fraudulent, the courts consider the existence of certain common "badges of fraud," which include "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance" (Goldenberg v Friedman, 191 AD3d 641, 643-644 [internal quotation marks omitted]).
Here, BOKF's evidence demonstrated, prima facie, that Jason and Steven had been estranged for approximately nine years at the time of the 2014 transfer of the property interest, that Jason had been unaware of Corning's claim against Steven at that time, and that, after the transfer, Steven did not have any involvement with the property, which he had vacated and abandoned nine years earlier. Further, as explained above, BOKF demonstrated that Steven received adequate consideration for the transfer. Thus, BOKF demonstrated the absence of circumstances that would give rise to an inference of any fraudulent intent (see Phillip v Zanani, 67 AD3d 877, 879; Grace [*2]Plaza of Great Neck v Heitzler, 2 AD3d 780, 782).
In opposition, Corning failed to raise a triable issue of fact. Accordingly, BOKF was entitled to summary judgment dismissing the causes of action pursuant to Debtor and Creditor Law former § 276, as well as the cause of action seeking attorneys' fees pursuant to Debtor and Creditor Law § 276-a.
In light of our determination, we need not reach the parties' remaining contentions regarding the alternative relief sought by BOKF.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court